Fred E. **SALLEY**, et al.

v.

**TRANS WORLD AIRLINES, INC.**

Civ. A. No. 88–2160.

United States District Court, E.D. Louisiana.

Sept. 29, 1989.

Stephen M. Wiles, Salley & Associates, New Orleans, La., for plaintiffs.

Thomas J. Cortazzo, Phelps, Dunbar, Marks, Claverie & Sims, New Orleans, La., for defendant.

## ORDER AND REASONS

MENTZ, District Judge.

On March 31, 1989, the Court granted the motion of defendant, Trans World Airlines (TWA), for partial summary judgment dismissing the Salleys' state law claims as preempted by the Federal Aviation Act (FAA), 49 U.S.C.App. § 1301, *et seq.* TWA then moved for summary judgment to dismiss the Salleys' federal claim under § 1374 of the Act as that section ceased to be in effect on January 1, 1985 pursuant to the sunset provision of § 1551(a)(4)(C). As the dismissal of the Salleys' federal claim under § 1374 would leave them without a cause of action, the Salleys filed a motion for reconsideration of the Court's prior dismissal of their state law claims.

A hearing was held on both parties' motions on September 13, 1989. At the conclusion of oral argument, the Court granted TWA's motion for summary judgment dismissing the Salleys' federal claim under § 1374 and also granted the Salleys' motion for reconsideration reinstating their state law claims. TWA then orally re-urged its prior motion for partial summary judgment to dismiss the Salleys' claim for false arrest on the ground that no arrest or detention occurred.[1] This motion was also

granted. Reasons in support of these rulings follow.

■ There is no question that 49 U.S.C. App. § 1374 is no longer in effect. Section 1551(a)(4)(C) of the FAA is a sunset provision that § 1374 shall "cease to be in effect on January 1, 1985." The events which gave rise to the Salley's cause of action occurred after January 1, 1985, and therefore, their claim under § 1374 must be dismissed.

Thus, the real controversy is over the validity of the Court's prior ruling that the Salleys' state law claims are preempted by the FAA when the FAA does not provide them a cause of action.

The Court's prior ruling that the Salleys' state law claims are preempted was based on *O'Carroll v. American Airlines, Inc.,* 863 F.2d 11 (5th Cir.1989). In *O'Carroll,* the plaintiff had been removed from a plane due to his unruly conduct. He brought various state law claims for this alleged wrongful exclusion from the flight. The Fifth Circuit held that O'Carroll's state law claims were preempted by the FAA pursuant to § 1305(a)(1). That statute provides in pertinent part that:

[N]o State ... shall enact or enforce any law, rule, regulation, standard, or other provision having the force and effect of law relating to rates, routes or services of any air carrier having authority under title IV of this Act to provide air transportation.

Initially, this Court read the *O'Carroll* decision as broadly holding that no state law claims may be brought in suits complaining of airline services. This was the interpretation urged by TWA, which noted that under *O'Carroll,* the Salleys would still have a federal cause of action under § 1374. On reconsideration, and in view of the fact that § 1374 ceased to be effective in 1985, the *O'Carroll* decision should be read more narrowly than TWA suggests.

In *O'Carroll,* the plaintiff's state law claims for wrongful exclusion directly conflicted with § 1511(a) of the FAA. That

---

1. On TWA's prior motion for partial summary judgment, the Court did not reach the merits of the false arrest claim because it was dismissed with all other state law claims as preempted.

section gives the airlines the right to refuse transportation to any passenger when, "such transportation would be inimical to safety of flight." The Fifth Circuit then stated that the airlines' discretion is not "unfettered," and cited § 1374 as providing a cause of action for discriminatory or unreasonable refusal of service.[2] In addition, the Fifth Circuit cited *Diefenthal v. CAB*, 681 F.2d 1039, 1050 (5th Cir.1982), for the proposition that an implied cause of action exists under § 1374 for abuse of the discretion afforded by § 1511(a).

■ The *O'Carroll* decision must be read as holding that § 1305(a)(1) preempts only those state laws "relating to rates, routes, or services" of any air carrier. This is not preemption based on pervasive federal regulation, but preemption due to interference or conflict with federal law. *See Rice v. Santa Fe Elevator Corp.*, 331 U.S. 218, 230, 67 S.Ct. 1146, 1152, 91 L.Ed. 1447 (1947); *Florida Lime & Avocado Growers, Inc. v. Paul*, 373 U.S. 132, 142–43, 83 S.Ct. 1210, 1217–18, 10 L.Ed.2d 248 (1963).

■ In the case at bar, preemption of the Salley's state law claims would leave them without a cause of action. Section 1511(a) does not apply because TWA's refusal to transport the Salleys was not based on a decision that such transportation "might be inimical to safety of flight." Nor do the Salleys have a cause of action under § 1374 as it is no longer in effect. Thus, the Salleys' state law claims are not in conflict with any provision of the FAA and therefore, are not preempted.

This conclusion is supported by the legislative history of § 1551. As part of deregulating the airline industry, Congress passed the sunset provision, § 1551(a)(4)(C), in order to phase out the Civil Aeronautics Board (CAB) and its functions. As a result of the sunset provision, Congress would be forced to undertake a "thorough review" of the CAB to determine if it should cease to exist or be modified. Since Congress has not renewed the CAB, nor its func-

tions, it may be inferred that Congress intended the states to begin to enforce protections such as those previously afforded by § 1374. H.R. 95–1211, 124 Cong.Rec. (1978), reprinted in 1978 U.S.Code Cong. & Admin.News 3737, 3741.

One remaining issue needs to be discussed. Since the now defunct federal statute provided the basis for removal jurisdiction, the court must have an alternative grounds for subject matter jurisdiction. The litigants to the instant action are diverse. Since the case was removed to this court prior to the increase in the amount in controversy requirement, the plaintiff need only claim damages of $10,-000. The Salleys' claims for compensatory, punitive, and contractual damages on the state law claims total $3,002,200. Therefore, diversity jurisdiction exists on the remaining state law claims.

In conclusion, the Court's prior order dismissing plaintiffs' state law claims as preempted must be vacated. All of plaintiffs' state law claims, except the claim for false arrest, must be reinstated. With respect to plaintiffs' claim for false arrest, the Salleys failed to offer any evidence on TWA's prior motion for partial summary judgment to show that they were arrested or detained in any manner that would constitute an arrest. As there are no genuine issues of material fact in dispute, summary judgment must be granted on the false arrest claim.

Accordingly,

IT IS ORDERED that:

(1) Defendant TWA's motion for summary judgment is GRANTED dismissing plaintiffs' federal law claim under 49 U.S. C.App. § 1374.

(2) Plaintiffs' motion to reconsider is GRANTED; the order entered into the record March 31, 1989, dismissing plaintiffs' state law claims is VACATED; all of plaintiffs' state law claims, except the claim for false arrest, are REINSTATED.

---

**2.** It is not clear whether the Fifth Circuit in *O'Carroll* was unaware that § 1374 ceased to be effective January 1, 1985, or whether the events giving rise to plaintiff's cause of action occurred prior to the cessation date.

(3) Defendant, TWA's oral motion reurging its prior motion for partial summary judgment on plaintiffs' claim for false arrest is GRANTED dismissing plaintiffs' claim for false arrest.