**Princess Zsa Zsa VON ANHALT a/k/a/ Zsa Zsa Gabor, Plaintiff,**

v.

**DELTA AIR LINES, INC., a Delaware Corporation, Defendant.**

**No. 89–8093–Civ.**

United States District Court, S.D. Florida.

March 1, 1990.

Donald T. Norton, Hollywood, Fla., for plaintiff.

Dennis M. O'Hara, Ft. Lauderdale, Fla., for defendant.

## ORDER GRANTING MOTION TO DISMISS

HOEVELER, District Judge.

THIS CAUSE is before the court upon the motion of defendant, DELTA AIR LINES ("Delta"), to dismiss the above-styled cause for lack of subject matter jurisdiction, pursuant to Rule 12(h)(3), Fed. R.Civ.P. Plaintiff PRINCESS ZSA ZSA VON ANHALT A/K/A ZSA ZSA GABOR ("Gabor") is a resident of West Palm Beach, Florida. Defendant Delta is a Delaware corporation, licensed to do business in Palm Beach County, Florida. The case was removed from state court by defendant on the basis of diversity of citizenship, pursuant to 28 U.S.C. sec.1331.

The complaint arises out of events that occurred on Delta flight # 462, originating in Los Angeles, California and terminating in West Palm Beach, Florida on or about January 6, 1989. During an intermittent stop in Atlanta, Georgia, Plaintiff Gabor was escorted off the aircraft and not permitted to reboard. Plaintiff asserts that she was wrongfully ejected when she refused to allow a flight attendant to stow away her carry-on baggage. Plaintiff asserts claims against Delta for negligence (Count I), defamation (Count II), assault and battery (Count III), and seeks compensatory and punitive damages in excess of $10 million dollars.

Defendant Delta has moved to dismiss the complaint on the ground that this court lacks subject matter jurisdiction. Defendant contends that plaintiff's state law claims are preempted by 49 U.S.C.App. sec. 1305(a). Conversely, plaintiff maintains that plaintiff's claims are an exception to federal preemption doctrine.

■ As a general rule, federal law preempts state common law in three situations: (1) where Congress expressly preempts state law; (2) where congression-

al intent to preempt may be inferred, generally from the pervasiveness of the federal regulatory scheme; and (3) when state law conflicts with federal law or interferes with the achievement of congressional objectives. *O'Carroll v. American Airlines,* 863 F.2d 11 (5th Cir.1989). *See, Michigan Canners & Freezers Ass'n v. Agricultural Marketing & Bargaining Board,* 467 U.S. 461, 469, 104 S.Ct. 2518, 2523, 81 L.Ed.2d 399, 406 (1984).

■ Section 1305(a)(1) of the Federal Aviation Act, 49 U.S.C. sec.1305(a)(1), expressly preempts state law based claims. It reads in pertinent part as follows:

> [N]o state ... shall enact or enforce any law, rule, regulation, standard, or other provision having the force and effect of law relating to rates, routes or services of any air carrier having authority under subchapter IV of this chapter to provide air transportation.

49 U.S.C.App. sec.1305.

A recent Court of Appeals case, *O'Carroll v. American Airlines, Inc.,* 863 F.2d 11 (5th Cir.1989) is directly in point. In *O'Carroll,* the Fifth Circuit held that state law claims based on wrongful·ejectment from an aircraft are (1) expressly preempted by sec.1305(a)(1) and inferentially preempted by the pervasiveness of the Federal Aviation Act, specifically sections 1511(a)[1] and 1374 thereof. The court vacated the judgment of the district court on the ground that the district court lacked subject matter jurisdiction over the claims.

Contrary to the cases cited by plaintiff, the facts in *O'Carroll* are almost identical to the facts in the case at bar. An airline passenger became loud and boisterous aboard an aircraft and refused to deplane when a flight attendant noticed an irregularity with his ticket. He was escorted off the aircraft against his will, and subse-quently sued the airline asserting various state claims.

Contrary to the position advanced in plaintiff's memorandum, the court concludes that the saving clause of the Federal Aviation Act, 49 U.S.C.App. sec.1506 does not conflict with the language of section 1305(a). Sec.1506 ("savings clause") expressly saves state law remedies and not state law claims.

The court concludes that sec.1305(a) unmistakably manifests the intent of Congress to preempt such state common law tort claims as related to the services of aircrafts and the safety of passengers.

Pursuant to *O'Carroll,* it is inappropriate for this court to address plaintiff's state law claims. However, plaintiff is by no means without recourse. She may assert a claim under the Federal Aviation Act, *to wit* 49 U.S.C.App. sec. 1511(a), challenging the reasonableness of defendant's actions. If she prevails in that action, she is entitled to state law remedies as saved in 49 U.S.C.App. sec. 1506. Accordingly, it is hereby,

ORDERED AND ADJUDGED that plaintiff's complaint is DISMISSED without prejudice. Plaintiff is granted leave to refile an appropriate complaint within twenty (20) days from the date of this order.

DONE AND ORDERED.

---

1. This section of the Federal Aviation Act confers broad discretion upon the air carrier to grant or deny passage. Section 1511(a) reads in pertinent part:

> Subject to reasonable rules and regulations prescribed by the Secretary of Transportation, any such carrier may also refuse transportation of a passenger or property when, in the opinion of the carrier, such transportation would be inimical to safety of flight.

49 U.S.C.App. sec.1511(a).