SCHOTT, Chief Judge.
The issue in this case is whether plaintiffs’ claim for nonpecuniary damages resulting from the temporary loss of their luggage by their air carrier is preempted by the Federal Aviation Act, 49 U.S.C.App. § 1305(a)(1). The trial court resolved the issue in favor of defendant and granted a summary judgment dismissing plaintiffs’ suit. They have appealed.
Plaintiff, Dr. Kibler purchased airline tickets from defendant, Northwest Airlines, Inc., to transport himself, his wife and four minor children from Shreveport, Louisiana to Cleveland, Ohio where they were to attend the wedding of a relative. They checked their luggage with defendant when they departed, but it was missing when they arrived in Cleveland. They were unable to attend the wedding because they were unable to find appropriate clothing. In addition, Mrs. Kibler’s insulin and other medication were in her missing luggage and had to be replaced immediately. The luggage was delivered to plaintiffs on the day after the wedding. The Kiblers and their minor children each asserted a claim for damages for mental distress and inconvenience because of their inability to attend the wedding which was the sole purpose of the trip.
§ 1305(a)(1) of the Federal Aviation Act, entitled “Federal Preemption”, provides in pertinent part as follows:
[N]o State ... shall enact or enforce any law, rule, regulation, standard, or other provision having the force and effect of law relating to rates, routes, or services of any (certified) air carrier.
Plaintiff’s claims are based in part on state laws of contract and torts. The above statute has been interpreted to preclude the assertion of such claims. O’Carroll v. American Airlines, Inc., 863 F.2d 11 (5th Cir.1989); Illinois Corporate Travel, Inc. v. American Airlines, Inc., 889 F.2d 751 (7th Cir.1989). But see Stream Aviation, Inc. v. Anders Production, Inc., 517 So.2d 1157 (La.App. 3rd Cir.1987), writ denied, 521 So.2d 1171.
Plaintiffs argue that the cited cases are distinguishable and the statute’s inclusion of “services” should not be so broadly construed as to include the transportation of an airline passenger’s luggage. They cite Salley v. Transworld Airlines, Inc., 723 F.Supp. 1164 (E.D.La.1989) in support of their position.
In the O’Carroll case the plaintiff, immediately after boarding, was removed from the flight by police because he was loud, boisterous, and apparently intoxicated. He brought suit in the federal district court asserting various state claims because of his wrongful exclusion from the flight. After trial the jury awarded him $260,000 in damages. The court of appeals vacated the judgment, holding that § 1305(a)(1) expressly preempts state law and that the district court lacked subject matter jurisdiction over the case.
In Salley, the court held that O’Carroll must be read as holding that § 1305(a)(1) *552 preempts only those state laws relating to rates, routes, or services” of an air carrier; and that this is not preemption based on pervasive federal regulation, but preemption due to interference or conflict with federal law. The Salley court reached a different result than O’Carroll reasoning that the application of preemption to Salley’s state law claim would leave him without a cause of action whereas O’Carroll was left with a cause of action under § 1374 of the Federal Aviation Act, a section which was no longer in effect when Salley was decided.
Like the judge in the Salley case we would be reluctant to apply the preemption doctrine to plaintiffs’ case if the result would leave them without a remedy, but even if their claims under state law are preempted they retain a remedy under federal law which they may assert and pursue in the state court.
Pursuant to §§ 1324, 1373, 1374, and 1381 of the Federal Aviation Act, the Secretary of the Department of Transportation has enacted regulations in regard to Domestic Baggage Liability at 14 CFR Ch. II (1-1-89 Edition), Part 254 § 254.4 thereof provides as follows:
Carrier liability.
In any flight segment using large aircraft, or on any flight segment that is included on the same ticket as another flight segment that uses large aircraft, an air carrier shall not limit its liability for provable direct or consequential damages resulting from the disappearance of, damage to, or delay in delivery of a passenger's personal property, including baggage, in its custody to an amount less than $1250 for each passenger. (emphasis supplied).
This section clearly embraces plaintiffs’ claims for consequential damages in the form of mental distress and inconvenience. Significantly each of the six claimants has made a claim for $1,250.
Since this is a claim under federal statutes and regulations the next question is whether such a claim may be asserted in the state court. If there were any doubt before, this has been resolved by the United States Supreme Court in Yellow Freight System, Inc. v. Donnelly, — U.S. -, 110 S.Ct. 1566, 108 L.Ed.2d 834 (1990) and Tafflin v. Levitt, — U.S.-, 110 S.Ct. 792, 107 L.Ed.2d 887 (1990). In these cases the court held that under our system of dual sovereignty state courts have the inherent power, and are presumptively competent, to adjudicate claims arising under the laws of the United States. The court held that to give federal courts exclusive jurisdiction over a federal cause of action, Congress must affirmatively divest state courts of their concurrent jurisdiction.
We find nothing in the Federal Aviation Act which prevents the state courts from adjudicating a claim for consequential damages flowing from the delay in delivering luggage by the airline carrier.
Accordingly, the judgment appealed from is reversed and set aside; defendant’s motion for summary judgment is denied; and the case is remanded to the trial court for further proceedings. All costs of this appeal are taxed against defendant.
REVERSED AND REMANDED.