**Douglas STEWART, Plaintiff,**

v.

**AMERICAN AIRLINES, INC., and AMR Corporation, Defendants.**

**No. H–91–2149.**

United States District Court,
S.D. Texas,
Houston Division.

Oct. 29, 1991.

---

Chris A. Stacy, Chris A. Stacy & Assoc., Houston, Tex., for plaintiff.

Victoria E. Moss, Fulbright & Jaworski, Houston, Tex., for defendants.

## ORDER

KENT, District Judge.

Before the Court are Plaintiff's Motion to Remand and Defendants' Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(6). For the reasons stated below, the Court is of the opinion that Plaintiff's Motion should be GRANTED, and therefore Defendant's Motion is not reached.

## I. BACKGROUND

Plaintiff initiated this Action in the District Court of Harris County, Texas, 281st Judicial District. Plaintiff's Original Petition asserts only State law tort claims. In particular, Plaintiff alleges that he was a passenger on the Defendant American Airlines' ("*American*") Flight # 4856 from John F. Kennedy Airport, in New York City, to Washington National Airport. The airplane was operated by a regional carrier owned by Defendant AMR Corporation ("*AMR*"), which is also American's parent company. At some point during the flight, the airplane suffered a deflated nose wheel. The airplane jolted, which caused Plaintiff to be jostled back and forth, which, in turn, resulted in injuries to his neck.

Defendants removed to this court on August 1, 1991. Defendants allege that removal was proper pursuant to 28 U.S.C.A. § 1441(a)–(b) (West 1973 & Supp.1991) and also move to dismiss Plaintiff's State law claims pursuant to Fed.R.Civ.P. 12(b)(6) on the ground that such claims are pre-empted by the Federal Aviation Act ("*FAA*"). 49 U.S.C.A.App. § 1301 *et seq.* (West 1976 & Supp.1991). In other words, since Plaintiff's State law claims are pre-empted by the FAA, this Action is removable pursuant to Section 1441. *See Caterpillar Inc. v. Williams,* 482 U.S. 386, 393, 107 S.Ct. 2425, 2430, 96 L.Ed.2d 318 (1987). Similarly, since Plaintiff's State law claims are pre-empted, his Complaint, which alleges only State law causes of action, necessarily fails to state a claim upon which relief can be granted. Plaintiff contends that his claims are not pre-empted, or, alternatively, that Federal pre-emption is merely a defense to his State law claims. Therefore, this Action does not arise under the FAA or any law or treaty of the United States, and thus, this Court lacks subject matter jurisdiction and must remand the case to State Court.

## II. DISCUSSION

■ A State Court Action is not removable to Federal Court if the Action could not have originally been brought in Federal Court. Thus, removal is proper only where original diversity or Federal question jurisdiction is present. 28 U.S.C.A. § 1441(a) (West Supp.1991); *Caterpillar Inc. v. Williams, supra,* 482 U.S. at 392, 107 S.Ct. at 2429.

### A. DIVERSITY OF CITIZENSHIP

The record indicates that Plaintiff is a citizen of the United Kingdom, while Defendants are both Delaware Corporations. Thus, it appears that Defendants might have been able to predicate removal on the ground that complete diversity of citizenship exists between the parties. 28

**1196**

U.S.C.A. § 1332(a)(2) (West Supp.1991). Thus, this Action could have originally been brought in Federal Court pursuant to Section 1332, and removal might have been proper pursuant to Section 1441.

Defendant did not, however, file a petition for removal within 30 days alleging diversity of citizenship as a ground for this Court's jurisdiction as required by 28 U.S.C.A. § 1446 (West Supp.1991). *See also Gaitor v. Peninsular & Occidental S.S.*, 287 F.2d 252, 255 (5th Cir.1961) (Defendant seeking removal in a diversity case must make affirmative showing that all requirements for diversity jurisdiction are present); 14A Wright, Miller & Cooper, Federal Practice & Procedure § 3733, at 533–35 & n. 5 (1985 & Supp.1991). More importantly, it is unclear from the record whether removal based on diversity of citizenship is proper, even if complete diversity exists.. For purposes of determining whether diversity exists, a corporation is considered to be a citizen of both its State of incorporation and the State where it has its principal place of business. 28 U.S.C.A. § 1332(c)(1) (West Supp.1991). Under 28 U.S.C.A. § 1441(b) (West 1973), removal based on diversity of citizenship is proper only if none of the defendants is a citizen of the State in which the Action is brought. Thus, if Defendants' principal place of business is in Texas, then this Action cannot be removed on the ground that complete diversity exists. The record, however, is devoid of allegations concerning Defendants' principal place of business. Thus, this Court cannot determine whether removal based on diversity of citizenship might have been proper. It is clear, however, that it is not the function of this Court to engage in discovery for the benefit of the parties. Therefore, the Court considers only the issue properly briefed and presented to the Court: whether this case was properly removed on the ground that Plaintiff's State law claims are pre-empted by the FAA. *See Gaitor v. Peninsular & Occidental S.S., supra,* 287 F.2d at 255.

### B. FEDERAL QUESTION

■ Under the "well-pleaded complaint rule," Federal question jurisdiction is proper only where the Federal question appears on the face of Plaintiff's properly pleaded complaint. *Gully v. First Nat'l Bank,* 299 U.S. 109, 112–13, 57 S.Ct. 96, 97–98, 81 L.Ed. 70 (1936). Where original Federal question jurisdiction exists, a case may be removed pursuant to 28 U.S.C.A. § 1441(a) (West Supp.1991). Removal may not, however, be predicated solely on the existence of a defense grounded in Federal law, *even a defense that Plaintiff's claim is pre-empted by Federal law.* *Caterpillar, Inc. v. Williams, supra,* 482 U.S. at 392–93, 107 S.Ct. at 2429–30; *Franchise Tax Board v. Construction Laborers Vacation Trust,* 463 U.S. 1, 12, 103 S.Ct. 2841, 2847, 77 L.Ed.2d 420 (1983).

■ The "complete pre-emption" doctrine, however, stands as an independent corollary to the "well-pleaded complaint rule." *Williams,* 482 U.S. at 393, 107 S.Ct. at 2430, *Franchise Tax Board,* 463 U.S. at 22, 103 S.Ct. at 2852. The pre-emptive force of certain Federal statutes is so great that they convert otherwise ordinary State law claims into Federal claims for purposes of the "well pleaded complaint rule." *Williams,* 482 U.S. at 393, 107 S.Ct. at 2430; *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 65, 107 S.Ct. 1542, 1547, 95 L.Ed.2d 55 (1987). *Oneida Indian Nation v. County of Oneida,* 414 U.S. 661, 675, 94 S.Ct. 772, 781, 39 L.Ed.2d 73 (1974). In the instant case, before determining whether the "complete pre-emption doctrine" applies or whether pre-emption is merely a Federal defense, the Court must first determine whether Plaintiff's claims are, in fact, pre-empted by the FAA.

■ Congress has explicitly stated the FAA pre-empts all State law claims to the extent that such claims "relat[e] to rates, routes, or services of any air carrier...." 49 U.S.C.A.App. § 1305(a)(1) (West Supp. 1991). Defendants argue that Plaintiff's claims are necessarily related to services provided by Defendants, and are, therefore pre-empted. In particular, Defendants focus on Plaintiff's allegations that Defendants were negligent in failing to properly maintain their aircraft, failing to correct

unsafe conditions, and contracting with and transporting passengers on a regional carrier which did not properly maintain its aircraft. Relying on *Trans World Airlines, Inc. v. Mattox*,[1] Defendants argue that such claims directly concern or are connected with specific services provided by Defendants, and are, therefore, pre-empted by Section 1305.

In *Trans World Airlines*, the Fifth Circuit held that State deceptive advertising laws were pre-empted by the FAA to the extent that such laws attempted to regulate the advertising of fares by interstate and international airlines. First, the Court concluded that, in enacting the FAA, Congress intended to pre-empt State regulation of airline fare advertising, and that such regulations were an attempt to regulate "rates" for purposes of Section 1305. 897 F.2d at 780–82. More importantly, for present purposes, the Court held that the State laws in question related to airline rates, even though they were not specifically directed at airlines in particular:

> "Although the state laws against deceptive advertising are not aimed specifically at airlines, and clearly do not attempt to set rates, the conclusion is inescapable that such laws do 'relate to' rates when applied to airline fare advertising.... [A] law relates to a particular subject 'if it has a connection with or reference to' that subject. It cannot be gainsaid that enforcement of a state law regulating fare advertising by airlines has a connection with or reference to rates within the meaning of § 1305(a)(1). Therefore, such state action is expressly preempted by § 1305(a)(1)."

897 F.2d at 783.

*Trans World Airlines* is not, however, dispositive of the issues presently before this Court. First, the *Trans World Airlines* Court did not hold that all State laws which relate to airline advertising are pre-empted by the FAA. Moreover, *Trans World Airlines* clearly does not teach, as Defendants appear to claim that it does, that all state law claims against air carriers are pre-empted by the FAA. *Trans World Airlines* only addresses laws that relate to "rates, routes, or services." Airline fare advertising necessarily concerns airline "rates," and thus, State laws regulating such advertising necessarily relate to airline "rates" within the meaning of Section 1305.

By contrast, it is far from clear that, in the instant case, Plaintiff's claims relate to "services" within the meaning of Section 1305. First, those cases which have held that a Plaintiff's claims were claims relating to "services" and therefore pre-empted by Section 1305 all involved services provided by individual airline employees directly to passengers, such as ticketing, boarding, in-flight service, and the like. For example, in *O'Carroll v. American Airlines, Inc.*,[2] the Plaintiff asserted various State law claims arising from his allegedly wrongful exclusion from an airline flight for which he held a valid ticket. The Fifth Circuit, relying on Section 1305 and on the fact that the FAA both grants air carriers broad discretion to refuse transportation of passengers[3] and includes a private right of action for abuse of such discretion,[4] held that Plaintiff's State law claims were pre-empted by the FAA, and that consequently, the District Court lacked subject matter jurisdiction. *Id.* at 12–13.

Similarly, in *Smith v. America West Air-*

---

1. 897 F.2d 773 (5th Cir.), *cert. denied,* —— U.S. ——, 111 S.Ct. 307, 112 L.Ed.2d 261 (1990).

2. 863 F.2d 11 (5th Cir.), *cert. denied sub nom. O'Carroll v. Chaparral Airlines, Inc.,* 490 U.S. 1106, 109 S.Ct. 3158, 104 L.Ed.2d 1021 (1989).

3. 49 U.S.C.A.App. § 1511(a) (West Supp.1991) provides in relevant part:
   Subject to reasonable rules and regulation prescribed by the Secretary of Transportation, any such carrier may also refuse transportation of a passenger or property when, in the opinion of the carrier, such transportation would or might be inimical to safety of flight.

4. *See Diefenthal v. Civil Aeronautics Bd.,* 681 F.2d 1039, 1050 & n. 12 (5th Cir.1982), *cert. denied,* 459 U.S. 1107, 103 S.Ct. 732, 74 L.Ed.2d 956 (1983). However, Section 1374, the section providing the implied right of action, ceased to be effective in 1985. *See Salley v. Trans World Airlines, Inc.,* 723 F.Supp. 1164, 1165 (E.D.La. 1989).

lines,[5] the Plaintiffs asserted State law claims for negligence and gross negligence for injuries received in the course of a hijacking. This Court held that the Plaintiff's claims, which were essentially that the Defendants were negligent in ticketing and boarding the highjacker, were pre-empted by Section 1305. *See also Anderson v. USAir,* 818 F.2d 49, 57 (D.C.Cir.1987) (State law obligation to provide courteous service pre-empted by FAA); *Von Anhalt v. Delta Air Lines, Inc.,* 735 F.Supp. 1030, 1031 (S.D.Fla.1990) (State law claims for negligence, defamation and assault and battery arising out of passenger's removal from aircraft pre-empted by FAA). By contrast, Plaintiff's claims do not arise out of the allegedly negligent performance of such "services." Moreover, assuming, *arguendo,* that Defendants' argument is correct, it would appear to follow that most, if not all, State law claims arising out of an air crash would be pre-empted,[6] since most such cases involve claims similar to those at issue in the instant case, namely that a Plaintiff or a Plaintiff's decedent was a passenger on a flight and was injured in the course of the flight due to an crash caused by the airline's negligence. Several Courts have held that such claims are not pre-empted. *Air Crash Disaster at John F. Kennedy Int'l Airport,* 635 F.2d 67, 74 (2d Cir.1980) (compensatory damages not pre-empted);

*In re Air Crash Disaster at Sioux City, Iowa,* 734 F.Supp. 1425, 1428 (N.D.Ill.1990) (punitive damages not pre-empted); *In re Air Crash Disaster at Stapleton Int'l Airport,* 721 F.Supp. 1185, 1187 (D.Colo.1988) (same).

In the instant case, Plaintiff's claims are more like those arising out of an air crash than those considered in *O'Carroll* and *Smith.* Plaintiff does not allege that Defendant negligently provided such services as boarding, ticketing, and the like. Rather, he simply alleges that he was injured when the airplane malfunctioned during the course of his flight, and that Defendants' negligent maintenance and operation was the legal and proximate cause of his injuries. Moreover, even assuming that Plaintiff's claims are claims relating to services, such claims do not conflict with the express provisions of the FAA. While the FAA does extensively regulate the operation and maintenance of aircraft, Plaintiff's Complaint, on its face, does not attempt to hold Defendants to a different standard of care than that prescribed by the FAA. Thus, neither *O'Carroll* and *Smith* nor *Trans World Airlines* necessitates the conclusion that Plaintiff's claims are services within the meaning of Section 1305, and therefore preempted.[7] *Cf. Salley v. Trans World Airlines,* 723 F.Supp. 1164, 1166 (E.D.La.1989).

---

**5.** Civil Action No. H–91–1550, Sept. 3, 1991 (S.D.Tex.).

**6.** Indeed, under Defendants' reading of *O'Carroll,* a passenger injured as a result of the negligent performance of services by an airline has no remedy whatsoever. The FAA does not provide a private right of action to recover for such injuries, and under Defendants' interpretation of *O'Carroll,* all State law claims are entirely pre-empted. This Court is not convinced that the Fifth Circuit meant to apply such a draconian reading of Section 1305. For example, in *Salley v. Trans World Airlines, Inc., supra,* the District Court held that *O'Carroll* pre-empts State law claims only to the extent that such claims directly conflict with the express provisions of the FAA. The Court noted first, that *O'Carroll* was decided on the ground that the Plaintiff's claim conflicted with the express provisions of the FAA, and not on the ground that the FAA so pervasively regulated the airline industry that all State law claims were pre-empted. The Court also noted that, in *O'Carroll,*

the airline's decision to remove the unruly passenger was based on the determination that his continued presence might endanger the safety of the flight. Section 1511(a) grants airlines discretion to remove passengers for this reason. In *Salley,* however, the airline's decision was not based on safety considerations, and therefore, the Plaintiff's claim did not conflict or interfere with any express provision of the FAA. Since the FAA provides no private right of action, however, a dismissal of the Plaintiff's claims would have left him with no remedy whatsoever. 723 F.Supp. at 1165–66.

**7.** Of course, Plaintiff's claims are pre-empted to the extent that they conflict with the explicit provisions of the FAA. For example, Defendants could not be held liable because the complied with the FAA's operation and maintenance requirements. *See Bieneman v. City of Chicago,* 864 F.2d 463, 471–72 (7th Cir.1988), *cert. denied,* 490 U.S. 1080, 109 S.Ct. 2099, 104 L.Ed.2d 661 (1989).

Alternatively, Defendants argue that the preclusive effect of the FAA regulations relating to aircraft operation and maintenance is so great that Plaintiff's claims are pre-empted. This argument is belied by the terms of Section 1506, which preserve common law and statutory remedies.[8] Section 1305 was added after Section 1506 and thus State law claims expressly pre-empted by Section 1305 are not preserved by Section 1506. *Trans World Airlines, Inc. v. Mattox, supra,* 897 F.2d at 783; *O'Carroll v. American Airlines, Inc., supra,* 863 F.2d at 13. Conversely, however, to the extent that a claim is not pre-empted by Section 1305, it is expressly preserved by Section 1506. *See In re Air Crash Disaster at Sioux City, Iowa, supra,* 734 F.Supp. at 1428; *In re Air Crash Disaster at Stapleton Int'l Airport, supra,* 721 F.Supp. at 1187. For example, the Seventh Circuit, like the Fifth Circuit in *Trans World Airlines,* has held that Section 1305 pre-empts State law deceptive advertising claims to the extent that such laws purport to regulate airline fare advertising.[9] It has also held, however, that, except to the extent such claims are expressly pre-empted by Section 1305, State law actions for compensatory or punitive damages are not pre-empted by the FAA.[10]

This conclusion is consistent with Supreme Court pronouncements as to both the pre-emptive effect of the FAA in particular and pre-emption in general. For example, in *Nader v. Allegheny Airlines,*[11]

the Court held that the FAA does not pre-empt traditional tort remedies that regulate the same conduct.[12] Similarly, in *Silkwood v. Kerr McGee Corp.,*[13] the Court held that State law actions for compensatory and punitive damages are not pre-empted by comprehensive federal nuclear power regulations even though such regulations contained no savings clause comparable to Section 1506.

## C. COURT'S RULING

The Court consequently holds that Plaintiff's claims are not pre-empted by the FAA.[14] That this conclusion is correct is made clear by the Fifth Circuit's decision in *Seidman v. American Airlines, Inc.*[15] In *Seidman,* the Plaintiff was a passenger on a flight operated by the Defendant. After two bomb threat notes were found on the airplane, the Captain decided to evacuate the airplane using the emergency slides. While using one of the slides, the Plaintiff was injured. She commenced a diversity action seeking damages for her injuries, and a jury returned a verdict in her favor. *Id.* at 1135–36. On appeal, the Fifth Circuit affirmed in part and reversed in part and remanded the case to the District Court. *Id.* at 1137–42. The Court did not, however, reverse and render judgment on the ground that the District Court lacked subject matter jurisdiction. In the instant case, it is impossible to distinguish Plaintiff's claim for injuries received when the

---

**8.** 49 U.S.C.A. § 1506 (West 1976) provides:
Nothing contained in this chapter shall in any way abridge or alter the remedies now existing at common law or by statute, but the provisions of this chapter are in addition to such remedies.

**9.** *Illinois Corp. Travel v. American Airlines,* 889 F.2d 751, 754–55 (7th Cir.1988), *cert. denied,* — U.S. ——, 110 S.Ct. 1948, 109 L.Ed.2d 311 (1990).

**10.** *Bieneman v. City of Chicago,* 864 F.2d 463, 471–72 (7th Cir.1988), *cert. denied,* 490 U.S. 1080, 109 S.Ct. 2099, 104 L.Ed.2d 661 (1989).

**11.** 426 U.S. 290, 298–300, 96 S.Ct. 1978, 1984–1985, 48 L.Ed.2d 643 (1975).

**12.** In particular, the *Nader* Court held that State deceptive trade practices claims co-exist with

the power of the Civil Aeronautics Board to regulate air carrier advertising. Section 1305, which was enacted after *Nader,* would appear to have the effect of overruling *Nader* to the extent that such State laws attempt to regulate areas covered by Section 1305. Nothing, however, suggests that, to the extent a State law is not expressly pre-empted by Section 1305, *Nader* is not still good law.

**13.** 464 U.S. 238, 248–58, 104 S.Ct. 615, 621–27, 78 L.Ed.2d 443 (1984).

**14.** Thus making it unnecessary to determine whether a valid claim of FAA pre-emption will transform an ordinary State law claim into a Federal claim for purposes of the "well-pleaded complaint rule."

**15.** 923 F.2d 1134.

airplane nose wheel deflated from Ms. Seidman's claim for injuries received while using the emergency slide. Yet if Defendants are correct, and such claims are pre-empted, then under *O'Carroll,* the *Seidman* Court should have held that the District Court lacked subject matter jurisdiction. *See Louisville & Nashville R.R. v. Mottley,* 211 U.S. 149, 152, 29 S.Ct. 42, 43, 53 L.Ed. 126 (1908) (where Federal Court lacks subject matter jurisdiction, but parties fail to raise the issue, Court is obliged to dismiss, on its own motion, for want of jurisdiction). Thus, for this Court to accept Defendants' arguments, it would have to find that the *Seidman* panel ignored or misapplied existing Fifth Circuit precedent. This Court cannot make such a determination.

Since Federal pre-emption was the only ground of jurisdiction alleged in Defendants' removal petition, and since the Defendants have failed to allege facts sufficient to demonstrate removal jurisdiction based on diversity of citizenship, the Court further holds that it lacks subject matter jurisdiction, and that this action must therefore be remanded to the State Court from whence it came.

Therefore it is hereby ORDERED, ADJUDGED and DECREED that Plaintiff's Motion to Remand is hereby GRANTED and this Action is remanded to the District Court of Harris County, Texas, 281st Judicial District.

It is further ORDERED that this judgment renders moot all Motions pending and they are therefore not reached.

As this Order disposes of all issues before the Court, this is a FINAL JUDGMENT.

IT IS SO ORDERED.