Nelson SMITH, Sheryl Smith, and Taylor Towing Company, Inc.

v.

**MORRISON INSURANCE AGENCY, INC.**

Civ. A. No. G–94–089.

United States District Court, S.D. Texas, Galveston Division.

Sept. 23, 1994.

John W. Stevenson, Jr., Stevenson & St. John, Houston, TX, for plaintiffs.

Rick Lee Oldenettel, Nicholas J. Lanza, Oldenettel & Associates, Houston, TX, for defendant.

### ORDER OF REMAND

KENT, District Judge.

This is a suit to collect damages awarded to the Plaintiffs Nelson and Sheryl Smith in a personal injury suit held in state court in Matagorda County, Texas. The Plaintiffs Smith and Taylor Towing Company ("Taylor") originally filed the instant suit in state court in Matagorda County, and the Defendant, Morrison Insurance Agency ("Morrison"), removed the case to federal court. Before the Court are Defendant's Motion to Dismiss for lack of personal jurisdiction and Motion to Transfer Venue. On its own motion, however, this Court notes that it lacks subject matter jurisdiction in this case. Defendant's Motion to Dismiss and Motion to Transfer are therefore rendered **MOOT,** and the case is **REMANDED** to the District Court of the 130th Judicial District for Matagorda County, Texas where it was originally filed.

\* \* \* \* \* \*

Plaintiffs Nelson and Sheryl Smith originally brought suit in state court for injuries Nelson Smith sustained by Taylor, the Defendant in the underlying suit. The trial court found in favor of the Smiths and entered a final judgment for them on December 18, 1992. Prior to that time, Taylor had purchased an insurance policy through Defendant Morrison, an insurance dealer, to cover injuries such as the one sustained by Smith. Taylor now claims that Morrison negligently placed Taylor's coverage with an insurance company which Morrison knew or should have known was near insolvency and which was unable to provide the funds Taylor owed to the Smiths in the underlying suit.

Taylor subsequently assigned its breach of contract claim against Morrison to the Smiths, and both the Smiths and Taylor filed suit against the Defendant in state court to collect the sums awarded the Smiths in their original personal injury suit. Defendant Morrison then filed a Special Appearance under State Rule 120(a) of the Tex.R.Civ.P., asserting that it was not amenable to jurisdiction in Texas. Subsequent to filing this Special Appearance, Defendant removed the case to this Court. In its Notice of Removal, Defendant Morrison stated that it is a foreign corporation which has at all times had its principal place of business in Louisiana. The Defendant also claims that Plaintiffs Nelson and Sheryl Smith are residents of Louisiana and that Plaintiff Taylor is an Alabama corporation. These declarations of citizenship are undisputed by any party in this case.

In its Notice of Removal, Defendant Morrison's sole claim for federal jurisdiction over this case was the diversity statute, 28 U.S.C. § 1332(a), which provides in relevant part:

The district court shall have original jurisdiction of all civil actions where the amount in controversy exceeds the sum or value of $50,000, exclusive of interest and costs, and is between—

(1) citizens of different States[.]

Although the Constitution demands only minimal diversity, it has been a fundamental principle of judicial interpretation for almost two hundred years that the diversity statute demands *complete* diversity between all plaintiffs and all defendants in a case. *Strawbridge v. Curtiss,* 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806). For diversity jurisdiction to exist, there must be no plaintiff who is domiciled in the same state as any defendant. *Jernigan v. Ashland Oil Inc.,* 989 F.2d 812, 814 (5th Cir.1993).

 Furthermore, when a case is removed from state court to federal court, diversity jurisdiction is tested at the time of removal. *Pullman Co. v. Jenkins,* 305 U.S. 534, 537, 59 S.Ct. 347, 349, 83 L.Ed. 334 (1939). It is axiomatic that "a state court action is not removable to federal court if the action could not originally have been brought in federal court. Thus, removal is proper only when original diversity or federal question jurisdiction is present." *Stewart v. American Airlines, Inc.,* 776 F.Supp. 1194, 1195 (S.D.Tex.1991) (Kent, J.); *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987). When neither federal question jurisdiction nor diversity jurisdiction is present, a federal court *must* remand the suit to the state court where it originated. *Brown v. Crop Hail Management, Inc.,* 813 F.Supp. 519, 522 (S.D.Tex.1993) (Kent, J.). Finally, a trial court lacking federal question jurisdiction over a case may address the absence of diversity jurisdiction *sua sponte,* because without it the court has no power to enter any other order. *Getty Oil Corp. v. Insur-*

*ance Co. of North Am.,* 841 F.2d 1254, 1258 (5th Cir.1988) *Insurance Co. of North Am.,* 841 F.2d 1254, 1258 (5th Cir.1988) (stating that without proper jurisdiction, a federal court's "decisions, opinions, and orders are of no effect.").

 Even a brief glance at the pleadings and Notice of Removal in this case shows that complete diversity is lacking [1]: Plaintiffs Nelson and Sheryl Smith and Defendant Morrison are all citizens of Louisiana. Defendant Morrison claims that diversity jurisdiction is present here because "the basis of the claims by Plaintiffs against Petition [sic] arose between Taylor Towing Company, Inc. of Alabama and Petitioner of Louisiana." (Notice of Removal, Instrument # 2, at § 3). As stated above, however, it is elementary that diversity jurisdiction is determined by the citizenship of the parties *at the time of removal,* not by looking at the "basis of the claims." *Pullman, supra,* 305 U.S. at 537, 59 S.Ct. at 349.[2] Morrison has not presented this Court with any authority for its claim, and this Court knows of no precedent to evade the general rule that complete diversity must be present for proper subject matter jurisdiction where no federal question is present.[3]

Thus, given that neither diversity jurisdiction nor a federal question is present in this case, removal to federal court under 28 U.S.C. § 1441(b) was improper because this case could not have originally been brought in this Court. *See Caterpillar, supra,* 482 U.S. at 392, 107 S.Ct. at 2429. Lacking any jurisdiction, therefore, the Court must remand the instant case to the state court in which it originated. *Brown, supra,* 813

1. The Fifth Circuit has made explicitly clear that the party seeking federal jurisdiction must clearly and properly allege the basis for diversity jurisdiction in its pleadings and that the "distressingly familiar" failure to do so "frequently and wastefully diverts [the Court] from its primary mission." *Nadler v. American Motor Sales Corp.,* 764 F.2d 409, 412 (5th Cir.1985). This Court agrees and finds its own valuable resources wasted in this case by the violation of a legal principle that should be familiar to every first-year law student.

2. The Court understands the Defendant to mean by "basis of the claims" the original, underlying claims of Taylor against Morrison because the

"basis of the claims" made in the pleadings in this case clearly gives Plaintiffs Nelson and Sheryl Smith a real interest in recovery as assignees of Plaintiff Taylor's claims against Defendant Morrison. Thus, the Smiths are proper parties to this suit whose citizenship must be taken into account in determining diversity jurisdiction.

3. The Court is mindful, of course, that the *fraudulent* joinder of a nondiverse party will not always destroy diversity jurisdiction where the controversy at stake is really between parties on one side who are all from different states than those on the other side. *Ivanhoe Leasing Corp. v. Texaco, Inc.,* 791 F.Supp. 665, 667 (S.D.Tex. 1992) (Kent, J.).

F.Supp. at 522. The Defendant's Motion to Dismiss and Motion to Transfer are hereby rendered **MOOT,** and this case is **RE-MANDED** to District Court of the 130th Judicial District of Matagorda County, Texas. It is further **ORDERED** that the parties file no further pleadings in this Court, including motions to reconsider and the like. Instead, the parties are instructed to seek any further relief to which they feel themselves entitled in the courts of the State of Texas, as may be appropriate in due course.[4] Any relief not specifically granted herein is **DENIED.**

IT IS SO ORDERED.

---

**4.** *See* 28 U.S.C. § 1447(d) (denying appellate review of a remand order based on lack of subject matter jurisdiction).