**Hope BARBAKOW and Maury Barbakow, Plaintiffs**

v.

**USAIR, INC., Defendant.**

**95–2668–CIV–FERGUSON.**

United States District Court, S.D.Florida.

July 19, 1996.

Harold Braxton, P.A., Mitchell J. Lipcon; and Sally Alyce Gross–Farina, Miami, Florida, for Plaintiffs.

Steven Ernst Wallach and David P. Herman, Thornton, Davis & Murray, P.A., Miami, Florida, for Defendant.

### AMENDED ORDER DENYING MOTION TO DISMISS

FERGUSON, District Judge.

**THIS CAUSE** was originally filed in the state court, and was removed to this court. The case was remanded to the state court on a finding that the allegations were insufficient to establish subject matter jurisdiction. Months later, the case was again removed to the federal court and assigned to the undersigned. On February 14, 1996, this court dismissed the case based on federal preemption, with leave to file an amended complaint. The amended complaint makes the same claim as the first claim, common law negligence and loss of consortium, with an added count of negligence *per se*.

### FACTS AND ISSUE

The plaintiff, Hope Barbakow, alleges that she was being served on a USAIR flight when the flight attendant dropped a soft drink can on her foot causing serious injuries, for which she seeks a damage award.

■ The issue before the court is whether Barbakow's tort claim for personal injuries suffered while being served food or beverage by a flight attendant, is preempted by the Airline Deregulation Act of 1978 ("ADA"), 49 U.S.C.App. § 1305.[1]

In its original removal petition, the defendant contended that 49 U.S.C.App. § 1305 gives the federal court exclusive jurisdiction over passenger tort claims arising out of cabin services. As to the Amended Complaint, the defendant makes three major contentions: (1) the law of the case mandates a dismissal of Counts I and III which are reiterations of the original complaint dismissed by this court on the ground of federal preemption; (2) the court lacks jurisdiction

over the negligence claim in Count II; and (3) negligence *per se* is not cognizable under the Federal Aviation Act.

■ As a preliminary matter, the court does not accept the defendant's contention that the law of the case mandates dismissal based on its earlier ruling dismissing the case on the basis of federal preemption. The law of the case doctrine does not foreclose a court from reconsidering prejudgment orders in a case previously decided by the same court. *See Gillig v. Advanced Cardiovascular Systems,* 67 F.3d 586, 590 (6th Cir.1995) (judge had discretion to reconsider original trial judge's denial of summary judgment motion on preclusive effect of a release).

### PREEMPTION

■ If, as the defendant argues, the Congress legislated here in a field which the States have traditionally occupied—common law tort—we start with an assumption that the historic power of the States was not to be superseded by the federal act unless that was the clear and manifest purpose of Congress. That was the holding in *Rice v. Santa Fe Elevator Corp.,* 331 U.S. 218, 67 S.Ct. 1146, 91 L.Ed. 1447 (1947).

■ A preemptive purpose may be evidenced in several ways: (1) the scheme of federal regulation may be so pervasive as to make reasonable the inference that Congress left no room for the States to act; (2) the Act of Congress may touch upon a field in which the federal interest is so dominant that the federal system will be assumed to preclude enforcement of state laws on the subject; (3) the object sought to be obtained by the federal law and the character of obligations imposed by it may reveal the same purpose; or, (4) the state policy may produce a result inconsistent with the objective of the federal statute. *Rice,* 331 U.S. at 229–32, 67 S.Ct. at 1152.

### PURPOSE AND SCOPE OF REGULATION

The provision of Section 1305(a)(1) originated in the Airline Deregulation Act

---

1. All provisions of 49 U.S.C.App. § 1305 have been recodified by Pub.L. No. 103–272, July 5, 1994, 108 Stat. 745, as 49 U.S.C.App. §§ 40102, 41713.

("ADA"),[2] an airline economic deregulation statute which amended the Federal Aviation Act ("FAA"). The FAA conferred economic regulatory authority over interstate air transportation in the Civil Aeronautics Board, but did not expressly preempt state regulation of interstate transportation. Before deregulation, the FAA permitted only limited economic regulation of interstate flights, and the states were permitted to enforce their general laws against the airlines. 49 U.S.C.App. § 1506. Congress determined, however, that competitive market forces, rather than extensive federal regulations, would better serve the interests of the Airline Industry. Consequently, in 1978 Congress dismantled federal economic regulation, and, to prevent the states from frustrating the goals of deregulation by establishing or maintaining economic regulations of their own, enacted § 1305(a)(1). *Hodges v. Delta Airlines,* 44 F.3d 334, 335 (5th Cir. 1995) (citing *Morales v. Trans World Airlines, Inc.,* 504 U.S. 374, 112 S.Ct. 2031, 119 L.Ed.2d 157 (1992)).

Since the enactment of that statute, however, several courts have grappled with the scope of its preemption. In *Morales,* the Supreme Court broadly construed the provision of § 1305(a)(1) and rejected the argument that the section only preempts the state from actually prescribing rates, routes, or services. *Morales,* 504 U.S. at 383–87, 112 S.Ct. at 2037–38. The court acknowledged, without establishing a bright line test, that certain state actions may affect airline services in too tenuous a manner to be preempted. *Id.* at 389–91, 112 S.Ct. at 2040. Without a bright line test for close cases, post-*Morales* courts still wrestle with the scope of § 1305(a)(1) preemption on specific tort actions against airlines.

USAIR argues that the exception to the preemption statute applied to matters of operations, but not to the providing of services. The distinction is rejected as vague and of little help in this analysis. As commonly understood, most services would be included in operations.

## POST–MORALES CASES

In construing 49 U.S.C.App. § 1305(a)(1) to determine whether that statute preempted the plaintiff's state law tort claim for physical injury based on alleged negligent operation, the Fifth Circuit looked to the *Morales* holding and the total statutory context. The court reasoned that an elementary comparison to *Morales* could suggest that

> services includes all aspects of the air carrier's utility to customers, hence any state tort claim may relate to services as a result of its indirect regulatory impact on airline's practices. Taken to its logical extreme, this argument would suggest that a lawsuit following a fatal airplane crash could relate to services.

*Hodges,* 44 F.3d at 338 (internal quotation omitted). Further, it observed that at least one other provision of the ADA demonstrates that congress did not intend § 1305(a)(1) to preempt all personal injury state claims because a complete preemption would render 49 U.S.C.App. § 1371(q) a nullity. Section U.S.C. 1371(q) requires air carriers to maintain insurance that covers "amounts for which ... air carriers may become liable for bodily injuries to or the death of any person, or for loss of or damage to property of others, resulting from the operation or maintenance of aircraft." The court concluded, based on its logical and contextual examination, the ADA was "concerned solely with economic deregulation, not with displacing state tort law." *Hodges,* 44 F.3d at 337.

In a separate opinion concurring in the judgment, Judge Jolly reasoned that a plain meaning construction could be given to the statute, without doing violence to the preemptive application to state common law tort remedy.[3] While the plaintiff's personal

**2.** 49 U.S.C.App. § 1305(a)(1) provides in relevant part:

> [N]o state ... shall enact or enforce any law, rule, regulation, standard, or other provision having the force and effect of law relating to rates, routes or services of any air carrier

having authority under Title IV of this Act to provide air transportation.

**3.** The majority and the dissent agreed on the principle that claims which relate to services that are not a part of maintenance or operations on

injury claims are unquestionably related to a service, he wrote, they do not run afoul of the statutory preemption because they are not instances of a state "imposing its own substantive standards with respect to rates, routes, or services, which is prohibited by the ADA preemption provision." *Id.* at 340. The concurring writer would have resolved the case using "well-settled principles of statutory construction," that preclude reading the ADA preemption provision in a manner which would render another provision superfluous. *Id.* (citing *Forsyth v. Barr*, 19 F.3d 1527, 1543 (5th Cir.1994)). Thus, Judge Jolly reasoned, the preemption provision and the general savings clause of the Federal Aviation Act,[4] should be read together "unless there is a positive repugnancy between the two." (citation omitted). Read together, the preemptive and enabling provisions do not require a negation of traditional common law tort remedies to recover damages for negligence resulting in physical harm.

In another case, *Margolis v. United Airlines, Inc.*, 811 F.Supp. 318 (E.D.Mich.1993), the plaintiff, Margolis, sued the airline carrier for injuries sustained when a luggage carrier fell from the overhead compartment onto her head. The court held that despite the broad interpretation of § 1305(a)(1) given by the Supreme Court in *Morales*, "a state common law claim based on negligence and the standard of reasonable care does not purport to regulate the services of air carriers provided to customers." *Margolis*, 811 F.Supp. at 321, 324–25. Similarly in *Martin v. Eastern Airlines, Inc.*, 630 So.2d 1206 (Fla.App. 4 Dist.1994), the court held that a common law negligence action for injuries sustained by the plaintiff when a briefcase from the overhead compartment fell on his head, was not preempted by § 1305(a)(1). *See also, Fenn v. American Airlines, Inc.*, 839 F.Supp. 1218 (S.D.Miss.1993) (Plaintiff's false imprisonment and slander claims were not preempted by the ADA). In that case,

the court observed that pre-*Morales* cases presenting "economic or regulatory issues" were decided in favor of preemption whereas personal injury, damage or negligence issues were generally held not to be preempted. *Id.* at 1221.

## LEGISLATIVE HISTORY

That Congress did not intend to preempt common law tort actions against airlines can also be gleaned from legislative history. The House Report accompanying the enactment of 49 U.S.C.App. § 1305 states that the lack of a clear delineation of state and federal jurisdiction over airlines had created

> uncertainties and conflicts, including situations in which carriers have been required to charge different fares for passengers traveling between two cities, depending on whether these passengers were interstate passengers whose fares are regulated by the [Civil Aviation Board] CAB, or intrastate passengers, whose fare is regulated by a state. [Section 1305 would] prevent conflicts and inconsistent regulations by providing that when a carrier operates under authority granted pursuant to ... the Federal Aviation Act, no state may regulate that carrier's routes, rates, or services. 1978 U.S.C.C. & A.N. 3751–52.

The House Conference Report also explains that § 1305:

> prohibits a state from enacting any law, establishing any standard determining routes, schedules, or rates, fares, or charges in tariffs of, or otherwise promulgating economic regulations for, any air carrier certified by the Board. *Id.*

## CONCLUSION

It is not shown from the case law that Congress left no room for the States to act in providing a remedy for personal injury claims caused by an air carrier's negligence, or that the object sought by the federal law

---

an airline are preempted by the ADA express provision. *Hodges*, 44 F.3d at 340.

**4.** 49 U.S.C.App. § 1506 which provides in pertinent parts:

> Nothing in this chapter shall in any way abridge or alter the remedies now existing at

common law or statute, but the provisions of the Chapter are in addition to such remedies. This provision was later modified and codified at 49 U.S.C.App. § 40120(c):

> A remedy under this part is in addition to any other remedies provided by law.

necessarily reveals the same purpose. Neither is there evidence in the legislative history of 49 U.S.C.App. § 1305 that Congress intended to close the doors of state courts to plaintiffs for personal injuries caused by negligence of airline flight crews while providing passenger services.

The statutory prohibition on state interference with air carrier services, on a fair reading, refers to regulation of the type, quality or method of services and not to state common law remedies for tortious conduct by the carrier in providing its choice of services. In the opinion of this Court, claims by private passengers to recover for injuries proximately caused by an air carrier's breach of its duty of reasonable care in providing cabin services are not preempted by the ADA.[5]

**ORDERED AND ADJUDGED** that the defendant's Motion to Dismiss is **DENIED**.

---

**5.** This ruling may conflict with *Von Anhalt v. Delta Air Lines, Inc.*, 735 F.Supp. 1030 (S.D.Fla. 1990), a pre-*Morales* decision of another division in this district.