**Harry M. GROSS and Elizabeth Gross, Plaintiffs,**

v.

**AMERICAN AIRLINES, INC., Defendant.**

89 Civ. 3185 (RO).

United States District Court, S.D. New York.

Jan. 22, 1991.

Maloney & Anker (Kevin D. Moloney, of counsel), White Plains, N.Y., for plaintiffs.

Quirk and Bakalor (Michael Hecht, of counsel), New York City, for defendant.

## OPINION AND ORDER

OWEN, District Judge:

Plaintiff Harry Gross alleges that while on line to check-in for an American Airlines flight departing from Phoenix, a woman on line next to him began to fall backwards and when Gross stuck out his arm to grab her, she fell on top of him, causing Gross to fall and injure himself. Gross claims that American was negligent in failing to properly maintain and monitor its curb-side check-in area and should be held liable for the personal injuries he sustained. American now moves for summary judgment.

On the day of the alleged injury, Harry Gross and his wife Elizabeth arrived at the American sidewalk check-in at Phoenix airport. In his deposition, Gross states that he was on line for between five and fifteen minutes when,

> Suddenly—I don't know how it happened, but there was a lot of luggage around and the woman on my left, I sort of saw her fall backwards and I stuck my arm out to grab her.
>
> .  .  .  .  .
>
> The left arm. I stuck out the left arm and she fell backwards. There were small pieces of luggage all around by her and by others, and she pulled me down and fell on top of me. I fell on the street below the curb.

When asked if he knew what caused the woman to his left to fall backwards, Gross responded that he "would assume" that she was falling over a piece of hand luggage left on the ground, but that he did not actually see her trip over anything. "All I saw, I was looking ahead to the left side and saw someone falling and instinctively I put out my arm to catch her." [1] No reasonable inference can be drawn from the evidence presented as to what caused the woman to fall.

Gross further testified that he did not know how many people were in front of or behind him in line, in front of his wife in line,[2] or in front of the woman who fell onto him. Although Gross's attorney in his affidavit claims that Gross's injury was due to "overcrowding," the complaint does not actually allege that a crowd existed[3] and Gross has failed to introduce any evidence showing that a crowd or a large number of people were in the check-in line at the time the alleged injury occurred.

Gross further alleges that American failed to adequately monitor or control the area, however, he testified that he did not know how many American employees were working at the check-in counter. Gross presents no evidence that American acted unreasonably in its monitoring and controlling procedures. In addition, Gross alleges that American was negligent in "failing to give proper warning and notice to plaintiff ... of the dangers and of the conditions existing at its place of business." Gross presents no evidence of what such proper warning or notice would be and I find it unreasonable, indeed silly, to impose a duty on American to post signs warning passengers to watch out for the very obvious placement of luggage by the feet of other passengers nearby in the check-in line.

A determination of negligence requires three essential elements: 1) the existence of a duty owed by the defendant to the plaintiff; 2) a failure by the defendant to discharge that duty; and 3) an injury to plaintiff as a result of that failure. *Levin v. Kasmir World Travel, Inc.* 143 Misc.2d

---

**1.** In an accident report filed with the airport security, a woman named Martha Oberlander reported that she tripped and fell into Harry Gross who fell in an attempt to catch her. The report indicates that the 54 year old Ms. Oberlander has Multiple Sclerosis and walks with a cane.

**2.** Gross testified that he got into one line and his wife got into another, "so whichever one got to the check-in counter first would check in for both of us."

**3.** Paragraph thirteen of the complaint, in relevant part, alleges only that American "was negligent in causing and permitting its patrons to assemble in a dangerous, negligent, unsafe and careless manner; ... and ... in failing to provide handrails, guardrails and other crowd and luggage control devices ..."

245, 540 N.Y.S.2d 639 (1989).[4] Although American, a common carrier, owed a duty of care to Gross while he was on American's check-in line,[5] this duty was not so broad as to protect Gross from the particular injury alleged herein. "In determining whether to recognize a duty of care under the circumstances of a particular case, the court must consider a number of factors, such as the relationship between the parties, the ability of the defendant to devise a practical means of preventing the injury and the extent to which an effective method of prevention can be agreed upon." *Sprayregen v. American Airlines*, 570 F.Supp. 16, 17 (S.D.N.Y.1983). The circumstances alleged are familiar to anyone who has ever flown or visited an airport. Passengers line up with their hand luggage and luggage to be checked,[6] and gradually move the bags forward as they, moment by moment, inch their way up to the counter. I find that it would be impractical, if not impossible, for American to devise a means of preventing an individual from stumbling, whether over a bag or otherwise, in this constantly in-flux situation. In any event, Gross has not presented any evidence that American failed to act reasonably in providing a safe check-in process. Furthermore, by failing to show what caused the woman next to him to fall, Gross has failed to link his injury to any action or inaction on the part of American. Lastly, passengers waiting to check-in, aware of the familiar nature of airport activities, have a duty to look out for ordinary or apparent obstacles, such as potentially misplaced bags, and to use reasonable care for their own safety. *Polara v. TWA*, 284 F.2d 34 (2nd Cir.1960).

Viewing the evidence submitted in the light most favorable to plaintiff, all that is proven is that Gross was injured, while on line at American's check-in, as a result of attempting to assist a woman nearby who fell backward onto him. Such evidence is insufficient to establish the existence of elements essential to Gross's claim of negligence and summary judgment is mandated. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986).

Accordingly, summary judgment in favor of the defendant is granted. Submit formal judgment and order.

---

**4.** New York law applies in this diversity action as Harry and Elizabeth Gross are New York residents, their trip began and ended in New York, they purchased the tickets for the flight in New York, American solicits passengers in New York and maintains ticket offices in New York and thus New York has significant contacts and an interest in the outcome of the litigation. *Gore v. Northeast Airlines, Inc.*, 373 F.2d 717, 724 (2nd Cir.1967); *Babcock v. Jackson*, 12 N.Y.2d 473, 240 N.Y.S.2d 743, 191 N.E.2d 279 (1963).

**5.** Endorsed Memorandum of this Court, May 15, 1990.

**6.** Gross, for example, testified that he and his wife had four pieces of luggage to be checked in and two carry on bags.