**Cordie BUTCHER, Plaintiff,**

v.

**The CITY OF HOUSTON, and
Southwest Airlines,
Defendants.**

**Civ. A. No. H–92–2763.**

United States District Court,
S.D. Texas,
Houston Division.

Jan. 29, 1993.

S. Tanner Garth, Houston, TX, for plaintiff.

City Atty.'s Office, Houston, TX, for defendant City of Houston.

William L. Maynard, Beirne Maynard & Parsons, Houston, TX, for defendant Southwest Airlines.

MEMORANDUM AND ORDER

WERLEIN, District Judge.

Pending before the Court is the motion of Plaintiff, Cordie Butcher, to remand this case to the 334th Judicial District Court of Harris County, Texas (Document No. 4), and a motion filed by Defendant, Southwest Airlines ("Southwest"), to dismiss Plaintiff's complaint for failure to state a claim upon which relief can be granted (Document No. 3). After reviewing the documents on file, and having heard and considered the arguments of counsel and considered the applicable law, the Court concludes that Plaintiff's Motion to Re-

mand should be GRANTED, and Defendant's Motion to Dismiss is therefore not reached.

## BACKGROUND

Plaintiff Cordie Butcher alleges Defendants' negligence and gross negligence in the maintenance of the floors at Gate 8 in Houston's Hobby Airport resulted in her claimed injuries when she tripped and fell. Southwest Airlines timely removed this action asserting jurisdiction under 28 U.S.C. § 1331. Plaintiff has filed a Motion to Remand to the 334th Judicial District Court of Harris County, Texas.

## DISCUSSION

Southwest argues that the cause was properly removed because Plaintiff's negligence action is preempted by the Federal Aviation Act of 1958 ("FAA"), as amended, 49 U.S.C.App. § 1305(a)(1). This legislation precludes any state from enacting or enforcing any "law, rule, regulation, standard, or other provision having the force and effect of law relating to rates, routes, or services of any air carrier...." Southwest contends that because the state law claims are preempted, there is federal question jurisdiction under 28 U.S.C. § 1331, and because of the preemptive legislation, which provides no cause of action to Plaintiff under these circumstances, the case must be dismissed for failure to state a cause of action under Fed.R.Civ.P. Rule 12(b)(6).[1]

■ As a general rule, the existence of a federal question for removal purposes is determined according to the "well-pleaded complaint" rule. *Trans World Airlines, Inc. v. Mattox*, 897 F.2d 773, 787 (5th Cir.1990). Under this rule, removal cannot be based on the existence of a federal defense. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63, 107 S.Ct. 1542, 1546, 95 L.Ed.2d 55 (1987). But in some instances Congress may so completely preempt a particular area that "any civil complaint raising this select group of claims is necessarily federal in character." *Id.* at 63–64, 107 S.Ct. at 1546–47. It is this principle that Southwest relies upon for its removal.

The Fifth Circuit has recognized that in enacting 49 U.S.C.App. § 1305(a)(1) Congress intended completely to preempt state laws "relating to rates, routes, or services" of an air carrier. *Trans World Airlines*, 897 F.2d at 787; *O'Carroll v. American Airlines, Inc.*, 863 F.2d 11, 12 (5th Cir.), *cert. denied*, 490 U.S. 1106, 109 S.Ct. 3158, 104 L.Ed.2d 1021 (1989). "Congress preempted this area to maintain uniformity and to avoid the confusion and burdens that would result if interstate and international airlines were required to respond to standards of individual states." *Trans World Airlines*, 897 F.2d at 787.

■ The issue, then, is whether Plaintiff's state law causes of action fall within the ambit of "rates, routes, or services" of an air carrier under § 1305(a)(1). If the state law claims are not preempted by § 1305(a)(1), then federal question jurisdiction is not present and Plaintiff's motion to remand must be granted. Plaintiff argues that her claims are not federally preempted because they are not claims related to "services" of an air carrier as that term is used in § 1305(a)(1). The Court agrees.

A law relates to a particular subject "if it has a connection with or reference to" that subject. *Trans World Airlines*, 897 F.2d at 783, citing *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96–97, 103 S.Ct. 2890, 2899–2900, 77 L.Ed.2d 490 (1983). In support of its contention that alleged negligent maintenance of floors in the airport gate area "relate" to airline "rates, routes, or services," Southwest relies principally on *Trans World Airlines* and *O'Carroll*. Neither case, however, involves the kind of ordinary "slip and fall" claim that is alleged here. In *Trans World Airlines* the Fifth Circuit held that the FAA, which specifically retained for the federal government exclusive authority over advertising

---

1. "As is typical in these preemption cases, a removing defendant tows the case into the federal harbor only to try to sink it once it is in port." *LaBuhn v. Bulkmatic Transport Co.*, 644 F.Supp. 942, 948 (E.D.Ill.1986).

of airlines fares, preempted state deceptive advertising laws to the extent that they attempted to regulate the advertising of fares by interstate and international airlines. 897 F.2d at 780–83. Similarly, in *O'Carroll* the Fifth Circuit held that § 1305 preempted a plaintiff's state law claim that he had been wrongfully excluded from a flight for which he held a ticket. *O'Carroll v. American Airlines,* 863 F.2d at 12–13. The advertising of airline fares and the exclusion of a belligerent passenger from an airplane are therefore established examples of the kinds of activities that do relate to "rates" and "services."

Other cases holding that the FAA preempts claims made under state law typically involve similar activities of ticketing, boarding, seating, in-flight service, and the like. *See, e.g., Anderson v. USAIR, Inc.,* 818 F.2d 49 (D.C.Cir.1987) (affirming dismissal of blind passenger's action against airline for refusing to seat him in row next to overwing emergency exit); *Howard v. Northwest Airlines, Inc.,* 793 F.Supp. 129 (S.D.Tex.1992) (claim under Texas Wrongful Death Statute that airline was negligent in failing to "meet and assist" decedent during stopover preempted); *Von Anhalt v. Delta Air Lines, Inc.,* 735 F.Supp. 1030 (S.D.Fla.1990) (claims for negligence, defamation and assault arising from passenger's removal from aircraft preempted under § 1305).

Southwest has cited no case, and the Court has found none; holding that the FAA preempts a claim such as the one pled here. In this instance, Plaintiff alleges a run-of-the-mill slip-and-fall case. She contends that she injured her back, hips, and neck when she tripped and fell at Hobby Airport. She claims that Defendant Southwest and the City of Houston negligently maintained the airport terminal floor at Gate 8. In a Rule 16 Conference with counsel for all parties, Plaintiff's counsel elaborated that the alleged injury occurred at the approximate point that the jetway attaches to the waiting room at Gate 8. Plaintiff, who had exited the airplane, had progressed through the jetway and evidently tripped and fell into the waiting room at that juncture. Plaintiff contends that the

terminal is owned by the City of Houston, that the subject area where the injury occurred is leased by Southwest, and that Defendants did not exercise reasonable care to reduce or eliminate the risk of harm to Plaintiff caused by the condition of the floor at Gate 8.

The preemption of state law relating to "rates, routes, or services" of an air carrier does not preempt all state law nor absolve an airline from adherence to state law in any and all circumstances. Southwest's counsel concedes, for example, that Southwest is subject to state law that governs the operation of a motor vehicle on the public streets, and therefore may be liable for negligent conduct in that context. In this suit, however, Southwest insists that § 1305(a)(1) "services" are involved, and thus the common law is preempted and Plaintiff has no recourse.

This Court is of the opinion that the "services" of an airline, as that word is used in § 1305(a)(1), must necessarily pertain to distinctive airline services. The Fifth Circuit has observed that from the Civil Aeronautics Act of 1938 until the Deregulation Act of 1978, "Congress gave the CAB vast powers of economic regulation over the airline industry, including the regulation of rates, routes and services." *Trans World Airlines, Inc.,* 897 F.2d at 782. The purpose of this legislation, the Court explained, was to preclude states from attempting to regulate rates, routes and services, thereby leading to a confusing and burdensome maze of state law and regulation peculiarly affecting the airlines. *Id.* Congress wanted to prevent conflicts and inconsistent regulations. *Id.* For example, one can imagine the effect of different states requiring a certain frequency of airline service to certain of their cities, or mandating that airline service be nonstop between certain cities, or providing certain conditions for the preferential seating of designated passengers, and the like. These kinds of "services" and countless others of like nature are distinctively incident to the provision of airline service to the public and, just like rates and routes, are beyond

the power of states to regulate or otherwise affect by local law.

The duty at common law to exercise ordinary care in the maintenance of floors in a terminal building, however, involves nothing that Congress appears either to have regulated or reserved for federal regulation either in the FAA or in any other airline legislation. It is common knowledge that airline terminals, like many other public and privately owned buildings, have an assortment of lessees occupying the premises—in this instance airline companies, restaurants, newsstands, etc. It is impossible to discern any policy reason for excluding an airline from the ordinary rule of premises liability as respects its leased terminal space. A mere assertion of common law liability for an injury caused by negligence and gross negligence in the maintenance of floors in the terminal is not the sort of state law or regulation that would "confuse or unduly burden" either the airlines or airline passengers. It is inconceivable that Congress intended to preempt state common law duties in this context. Neither the federal statutes, nor the legislative history, nor the prior case authorities appear to support such a notion. Indeed, if the airlines were exempt from ordinary premises liability, *i.e.*, the duty to exercise ordinary care in maintaining floors in the terminal building at its gates, they should just as logically be exempt from premises liability for the negligent maintenance of floors in their downtown ticketing offices. Neither exemption makes any sense. The term "services," as used in § 1305(a)(1), proscribing any state law "relating to rates, routes, or services of any air carrier," simply does not include or contemplate as a "service" the duty to exercise ordinary care in maintaining one's building or terminal space so as to avoid or minimize the risk of harm to the public—passengers and non-passengers alike—who daily use those premises.

In *Seidman v. American Airlines, Inc.,* 923 F.2d 1134 (5th Cir.1991), the Fifth Circuit affirmed a recovery of $277,000 by an airline passenger who was injured while evacuating an airplane on its emergency slide. The court never mentioned even a remote possibility that plaintiff's negligence action could have been preempted by § 1305(a)(1). If furnishing an emergency slide to exit directly from the airplane, which the passenger was ordered to use, is not a "service" within the preemption clause of § 1305(a)(1), then maintaining its floors in the jetway and gate areas of the terminal building most assuredly is not a "service" within the meaning of the preemption language.

*Seidman* was recently cited by this court (Honorable Sam Kent, District Judge) in *Stewart v. American Airlines, Inc.,* 776 F.Supp. 1194, 1199–1200 (S.D.Tex.1991). Judge Kent made the following observation:

> In the instant case, it is impossible to distinguish Plaintiff's claim for injuries received when the airplane nose wheel deflated from Ms. Seidman's claim for injuries received while using the emergency slide. Yet if Defendants are correct, and such claims are preempted, then under *O'Carroll,* the *Seidman* Court should have held that the District Court lacked subject matter jurisdiction. *See Louisville & Nashville R.R. v. Mottley,* 211 U.S. 149, 152, 29 S.Ct. 42, 43, 53 L.Ed. 126 (1908) (where Federal Court lacks subject matter jurisdiction, but parties fail to raise the issue, Court is obliged to dismiss, on its own motion, for want of jurisdiction). Thus, for this Court to accept Defendants' arguments, it would have to find that the *Seidman* panel ignored or misapplied existing Fifth Circuit precedent. This Court cannot make such a determination.

The Court is persuaded that Plaintiff's state law negligence action does not involve claims related to airline "services" within the meaning of § 1305(a)(1). *Trans World Airlines* and *O'Carroll* both involved very different situations and do not require the dismissal of this case. The Court therefore concludes that it lacks subject matter jurisdiction and that this action must be remanded to state court.

### CONCLUSION AND ORDER

Plaintiff's Motion to Remand is GRANTED, and this action is REMANDED to the

334th Judicial District Court of Harris County, Texas.