**Eleanor M. STAGL, Plaintiff,**

v.

**DELTA AIR LINES, INC., Defendant.**

No. 93–CV–2544 (JRB).

United States District Court,
E.D. New York.

Feb. 22, 1994.

Benjamin Greshin, Greshin, Ziegler & Pruzansky, Smithtown, NY, for plaintiff.

Thomas D. Mehrtens, Marguerite D. Peck, Downing & Mehrtens, P.C., New York City, for defendant.

## MEMORANDUM–DECISION AND ORDER

BARTELS, District Judge.

The defendant Delta Air Lines, Inc. ("Delta") moves under Rule 56(c) of the Federal Rules of Civil Procedure for summary judgment. The defendant seeks dismissal of the complaint in its entirety on the grounds that the claim asserted therein is pre-empted by Section 1305 of the Airline Deregulation Act of 1978, 49 U.S.C.App. §§ 1301, *et seq.*, or in the alternative, that the plaintiff has failed to establish the requisite elements to support her claim of negligence. The plaintiff, Eleanor Stagl, opposes the motion and also cross-moves for an order compelling discovery. For the reasons set forth below, the defendant's motion for summary judgment is granted and the action is dismissed in its entirety.

## BACKGROUND

This is an action for personal injuries sustained by the plaintiff, a 77–year–old woman, while she attempted to retrieve her luggage from a baggage carousel operated by defendant Delta at LaGuardia Airport in Queens, New York. Ms. Stagl alleges that on or about May 1, 1993, she returned to New York aboard a Delta flight departing from Orlando, Florida. The flight, scheduled to arrive in New York at 4:44 p.m., landed at about 5:15 p.m.—approximately 31 minutes late. Ms. Stagl avers that because the flight was fully booked and the passengers aboard her flight were "visibly upset at being late," the resulting situation at the baggage retrieval area was "bedlam." (Affidavit of Eleanor M. Stagl, sworn to November 12, 1993, ¶¶ 4, 5, 9.) It was here, amongst this allegedly "unruly mob" (Affidavit of Benjamin Greshin, Esq., dated November 10, 1993, ¶ 5), that plaintiff was injured.

Ms. Stagl contends that as she waited for her luggage to appear on the moving belt of the baggage carousel, an unidentified fellow passenger reached across the belt, grabbing a bag off the carousel. This bag struck another piece of luggage, knocking it off the carousel and into the plaintiff, causing her to fall and fracture her hip. The plaintiff neither located nor identified the fellow passenger who had knocked the bag off the carousel.

The plaintiff asserts a claim of negligence against Delta on the theory that the airline failed to exercise reasonable care in ensuring the safety of its passengers. She argues that Delta's failure to control the crowd at the baggage retrieval area—through the use of warnings signs, recorded messages, or even the posting of supervisory airline personnel—coupled with the airline's failure to designate a separate area near the baggage carousel for the protection of the elderly, infirm, and handicapped, breached Delta's duty of reasonable care and proximately caused her injuries.

## DISCUSSION

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper where the record demonstrates clearly that "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). *See also Trans–Orient Marine Corp. v. Star Trading & Marine, Inc.,* 925 F.2d 566, 571–73 (2d Cir.1991). As a general matter, the party seeking summary disposition bears the initial burden of demonstrating the absence of any genuine issue of

material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). Once the movant has satisfied this threshold showing, it is incumbent upon the non-moving party to demonstrate the existence of the essential elements of his case upon which he bears the burden of proof at trial. *Id.,* at 322, 106 S.Ct. at 2552. Failure of proof on one essential element renders immaterial all other facts, and entitles the movant to judgment as a matter of law. *Id.* at 323, 106 S.Ct. at 2552.

## I. *Pre-emption Under the Federal Aviation Act*

Before addressing the sufficiency of plaintiff's negligence claim, the Court first must determine whether the claim properly may be asserted in light of the Airline Deregulation Act of 1978, 49 U.S.C.App. §§ 1301 *et seq.* (the "ADA"). Delta urges the Court to dismiss plaintiff's negligence cause of action,[1] arguing that the ADA was meant to displace such state law remedies and that Section 1305(a)(1) of the ADA expressly pre-empts all common law tort causes of action relating to the provision of airline services. The Court holds that federal law does not pre-empt plaintiff's negligence action.

In 1978, pervasive federal regulation of the interstate airline industry ended with enactment of the ADA. In order to facilitate federal economic deregulation and prevent the states from entering this regulatory field, Congress included within the text of the ADA an express pre-emption provision. *See Hodges v. Delta Airlines, Inc.,* 4 F.3d 350, 353 (5th Cir.1993), *reh'g en banc granted,* 12 F.3d 426 (5th Cir.1994). Section 1305(a)(1), upon which defendant bases the present motion, provides in relevant part that:

> [N]o State or political subdivision thereof and no interstate agency or other political agency of two or more States shall enact or enforce any law, rule, regulation, standard, or other provision having the force and effect of law relating to rates, routes, or services of any air carrier having au-

thority under subchapter IV of this chapter to provide air transportation.

49 U.S.C.App. § 1305(a)(1) (Supp.1993).

Despite extensive judicial debate over the pre-emptive reach of this section, the courts that have addressed the issue remain divided. Delta urges an expansive reading of the statute, relying on *Morales v. Trans World Airlines, Inc.,* —— U.S. ——, 112 S.Ct. 2031, 119 L.Ed.2d 157 (1992), wherein the United States Supreme Court held that Section 1305 pre-empted enforcement of guidelines adopted by the National Association of Attorneys General that set forth detailed standards governing the content and format of airline fare advertising. In reaching this conclusion, the *Morales* Court held that all "[s]tate enforcement actions having a connection with or reference to airline 'rates, routes, or services' are pre-empted under 49 U.S.C.App. § 1305(a)(1)." —— U.S. at ——, 112 S.Ct. at 2037.

Delta urges that because plaintiff bases her negligence claim upon the airline's failure to provide special services for elderly, infirm, or handicapped passengers, her claim has the requisite "connection with" airline services, and thus falls squarely within the pre-emptive reach of Section 1305 as defined by *Morales.* However, the Court's analysis cannot end here. In its discussion of Section 1305, the *Morales* Court defined *only* the breadth of that section's "relating to" phrase: The decision is silent, however, on the extent of activities properly includable in the "services" provided by an air carrier, such as that term is used in Section 1305. In the definition of airline "services" lies resolution of the issue presently before the Court.

There exist two diverging lines of cases interpreting the breadth of airline "services" encompassed by Section 1305. As noted by the court in *Stewart v. American Airlines, Inc.,* 776 F.Supp. 1194, 1197 (S.D.Tex.1991), "those cases which have held that a [p]laintiff's claims were ... related to 'services' and therefore pre-empted ... all involved *services provided by individual airline employees directly to passengers,* such as ticketing, boarding, in-flight service, and the like."

---

**1.** This Court has jurisdiction of this action under 28 U.S.C. § 1332.

(Emphasis added.) Moreover, these cases generally concern implementation of airline "policies," such as those relating to "bumping, denial of boarding, segregation of smoking passengers," or discrimination, *Margolis v. United Airlines, Inc.*, 811 F.Supp. 318, 322 (E.D.Mich.1993), and typically implicate "elements of the air carrier service bargain." *Hodges*, 4 F.3d at 354.

In contrast stand those cases in which plaintiffs invoke traditional elements of tort law, suing for personal injuries sustained in airport terminals, during flights, or at the hands of airline employees or fellow passengers. Where the pre-emption issue arises in the context of such actions, the courts "almost uniformly [have] resolved *against* federal preemption." *Margolis*, 811 F.Supp. at 322 (emphasis added). These courts apparently reason that the term "airline services" as employed in Section 1305 "does not include or contemplate as a 'service' the duty to exercise ordinary care." *Butcher v. City of Houston*, 813 F.Supp. 515, 518 (S.D.Tex. 1993).

The court in *Butcher v. City of Houston, supra*, held that Section 1305 did not pre-empt a "run-of-the-mill slip-and-fall case," 813 F.Supp. at 517, wherein a passenger asserted a negligence claim for injuries sustained when she tripped at a gate after departing a plane operated by Southwest Airlines at Houston's Hobby Airport. The plaintiff alleged that Southwest Airlines failed to exercise reasonable care in the maintenance of the floor at the gate, and that this breach proximately caused her fall and resultant injury.

Relying on the purposes underlying enactment of the ADA, the *Butcher* court concluded "that the 'services' of an airline, as that word is used in § 1305(a)(1)," pertain only to those services that "are distinctively incident to the provision of airline service," and thus necessarily exclude an air carrier's common law duty to exercise ordinary care. 813 F.Supp. at 517–18. The court opined that extending the pre-emptive reach of Section 1305 to exempt air carriers from "ordinary premises liability" within a terminal building would justify exempting them from the duty to exercise reasonable care in their "down-town ticketing offices," or in any other facility they owned or operated. *Id.* at 518. The court found it "impossible to discern any policy reason" justifying such an illogical result, and concluded that it "is inconceivable that Congress intended to preempt state common law duties in this context." *Id.* See also *Margolis v. United Airlines, Inc.*, 811 F.Supp. at 324 (holding that "Congress did not intend to preempt state common law actions for personal injury based on the negligence of the airline or its employees").

■ The Court holds that Section 1305 does not pre-empt assertion of plaintiff's state common law cause of action. The Court finds it illogical to assume that Congress could have intended Section 1305 to exempt all air carriers from the duty to exercise reasonable care in maintaining their "building or terminal space so as to avoid or minimize the risk of harm to ... passengers and non-passengers ... who daily use those premises." *Butcher*, 813 F.Supp. at 518. Ms. Stagl alleges that she was injured in the terminal at LaGuardia, at or near defendant's baggage carousel. She asserts a claim of negligence founded upon a purported breach of Delta's duty to exercise reasonable care, arguing that the airline failed to control the crowd at the baggage carousel and thus failed to protect its elderly, infirm, and handicapped passengers. The personal injury claim asserted by Ms. Stagl invokes only concepts of traditional tort law, falls far short of encroaching upon economic deregulation of the airline industry, and is indistinguishable from claims asserted in cases holding against federal pre-emption. See, e.g., *Public Health Trust of Dade County, Florida v. Lake Aircraft, Inc.*, 992 F.2d 291, 295 (11th Cir.1993) (court held plaintiff's "design defect claims lie outside the pre-emptive reach of section 1305"); *Bayne v. Adventure Tours U.S.A., Inc.*, 841 F.Supp. 206 (N.D.Tex.1994) (claims for violation of the Texas Deceptive Trade Practices Act, breach of warranty, false imprisonment, slander, and infliction of emotional distress based on wrongful detention of passenger not pre-empted by Section 1305); *In re Air Disaster*, 819 F.Supp. 1352 (E.D.Mich.1993) (ADA's pre-emptive provisions do not apply to state negligence action

based on injuries suffered in crash); *Stewart v. American Airlines, Inc.,* 776 F.Supp. 1194 (S.D.Tex.1991) (ADA did not pre-empt common law personal injury claim based on negligent deflation of nose wheel during flight). Thus, the Court holds that Ms. Stagl properly can maintain her negligence claim against Delta.

## II. *Plaintiff's Negligence Cause of Action*

Delta next argues that plaintiff has failed adequately to demonstrate the existence of the elements necessary to state a cause of action sounding in negligence. The Court concludes that because plaintiff has failed to meet the minimal evidentiary showing necessary to withstand defendant's attack on the essential elements of her negligence claim, Delta is entitled to judgment as a matter of law.

Under New York law, successful assertion of a claim of negligence requires a showing that "(1) the defendant owed the plaintiff a cognizable duty of care, (2) the defendant failed to discharge that duty and (3) the plaintiff suffered damage as a proximate result of such failure." *Donohue v. Copiague Union Free School Dist.,* 64 A.D.2d 29, 32, 407 N.Y.S.2d 874, 877 (2d Dep't 1978), *aff'd,* 47 N.Y.2d 440, 418 N.Y.S.2d 375, 391 N.E.2d 1352 (1979). "An action to recover for negligence does not lie unless there exists a duty on the part of the defendant and a corresponding right in the plaintiff." *Id.* at 32–33, 407 N.Y.S.2d at 877 (citing *Palsgraf v. Long Island R.R.,* 248 N.Y. 339, 341, 162 N.E. 99 (1928)). The question of whether a duty exists properly may be resolved on motion for summary judgment, as the issue "presents a question of law to be determined by the court based upon the facts and circumstances of the case." *Vogel v. West Mountain Corp.,* 97 A.D.2d 46, 48, 470 N.Y.S.2d 475, 476 (3d Dep't 1983). *Accord Sprayregen v. American Airlines, Inc.,* 570 F.Supp. 16, 17 (S.D.N.Y.1983).

 The present action cannot proceed in the absence of a cognizable duty of care. The plaintiff has failed to establish that Delta's duty as an air carrier encompasses a duty to control the crowd at the baggage retrieval area or designate a separate area for elderly passengers. "[A]bsent a duty, there is no breach and, without a breach, there is no liability." *Vogel,* 97 A.D.2d at 48, 470 N.Y.S.2d at 476. Thus, on this basis alone, plaintiff's negligence claim fails.

Although common carriers such as Delta owe their "passengers the duty of exercising the highest degree of care for their safety," *Sprayregen,* 570 F.Supp. at 17, this duty is not unlimited. For instance, it has been held that under New York law, an air carrier's heightened duty "to use 'highest care' does not extend to the maintenance of stational facilities and of means of ingress and egress." *Polara v. Trans World Airlines, Inc.,* 284 F.2d 34, 38 (2d Cir.1960). *See also Kelley v. Manhattan Ry. Co.,* 112 N.Y. 443, 450, 20 N.E. 383 (1889). The "overwhelmingly majority rule" is that the doctrine of highest duty of care does not extend to maintenance of a carrier's premises generally, *Federal Ins. Co. v. Bonilla Colon,* 392 F.2d 662, 665 (1st Cir.1968), and "applies only to passengers who are in the actual course of travel or who are boarding or alighting." *Vincenty v. Eastern Air Lines,* 528 F.Supp. 171, 175 (D.Puerto Rico 1981). Once a passenger has departed the carrier's vehicle, the ordinary rules of negligence govern the degree of care required.

Under principles of ordinary negligence, Delta owed no duty to protect plaintiff from the particular injury involved here. Plaintiff was injured by the act of a third party at a time when she no longer was defendant's passenger. In *Gross v. American Airlines, Inc.,* 755 F.Supp. 89 (S.D.N.Y.1991), the court held that defendant airline owed no duty to plaintiff passenger who was injured at defendant's sidewalk check-in. In *Gross,* while plaintiff waited to check in for his flight, a woman on line next to him began to fall backwards, apparently tripping over a piece of luggage on the ground. Plaintiff extended his arm to grab his fellow passenger, who fell on top of him, causing him to fall and injure himself. Plaintiff sued the airline, alleging that it was negligent in failing properly to maintain, monitor, and control the curb-side check-in area. 755 F.Supp. at 90. Plaintiff argued that the airline could have posted signs or issued warnings cau-

tioning passengers about the dangers of luggage placed on the ground.

Although the court in *Gross* recognized that the airline was under the duty to exercise ordinary care while plaintiff was on its check-in line, the court cogently refused to impose a heightened duty to protect plaintiff from the particular injury alleged. The court found "that it would be impractical, if not impossible, for American to devise a means of preventing an individual from stumbling, whether over a bag or otherwise," 755 F.Supp. at 91, and that it would be "unreasonable, indeed silly, to impose a duty on American to post signs warning passengers to watch out for the very obvious placement of luggage by the feet of other passengers nearby in the check-in line." *Id.* at 90. In dismissing the plaintiff's claim, the court concluded that the case presented a scenario "familiar to anyone who has ever flown," and that passengers "aware of the familiar nature of airport activities, have a duty to … use reasonable care for their own safety." *Id.* at 91.

Other cases have held similarly. For example, in *Orr v. Pacific Southwest Airlines*, 208 Cal.App.3d 1467, 257 Cal.Rptr. 18 (4th Dist.1989),[2] the court applied the standard of ordinary negligence to a claim asserted by a passenger who was struck from behind by an unknown third party at an airline security checkpoint. Plaintiff argued that the airline negligently operated the checkpoint "in a manner encouraging 'a disorderly, confused, and chaotic progression of passengers.'" 208 Cal.App.3d at 1470, 257 Cal.Rptr. at 20. The court denied the claim, holding that plaintiff was merely a prospective passenger at the time of the incident, and that under principles of ordinary negligence, he failed to demonstrate that the airline breached any duty of care.

Similarly, in *Gray v. America West Airlines, Inc.*, 209 Cal.App.3d 76, 256 Cal.Rptr. 877 (4th Dist.1989), the court granted summary judgment in favor of defendant airline where plaintiff sued to recover for injuries sustained while she waited on line at defendant's ticket counter. Plaintiff tripped over a parcel placed near her feet by an unidentified passenger. She based her claim of negligence on the airline's alleged failure to warn or take other protective measures to ensure the safety of its passengers.

The court in *Gray* held the airline to the standard of ordinary care, and applied the "established rule that, at least in the exercise of ordinary care, one is under no duty to warn another of a danger equally obvious to both." 209 Cal.App.3d at 84, 256 Cal.Rptr. at 882. Based on this principle, the court concluded that it could impose upon the airline no duty "to safeguard [passengers] from tripping on another's luggage in busy common areas like an airport concourse," particularly in light of the fact that it is "well known that travellers in an airport carry boxes and luggage and that some percentage of them can be expected to handle their belongings negligently." *Id.* at 84, 256 Cal.Rptr. at 881.

On the basis of the foregoing principles, Delta cannot be held liable for the conduct of an unknown third party at a time when plaintiff already had departed defendant's plane. The airline's heightened duty to exercise the highest degree of care terminated upon plaintiff's departure from the plane. In addition, the existence of and the alleged "dangers" posed by a crowd of passengers awaiting the return of their luggage at a baggage retrieval area are neither unique nor unobtrusive. Under the totality of these circumstances, the Court holds that Delta was under no duty to protect against or warn of potential negligent conduct by third persons within the terminal building, and that Delta fulfilled its duty to act reasonably under the circumstances.

Moreover, the Court finds that it would be unreasonable to impose upon Delta the heightened duty of care advanced by plaintiff. Here, even if Delta had undertaken additional safety measures at or around the baggage retrieval area, the airline still would lack sufficient control over the behavior of

---

**2.** Under California law, statutory and common law collectively define the duty an airline owes to its passengers. Although New York has enacted no legislation governing this duty, discussion of California case law remains instructive here because the same principles govern the scope and extent of an air carrier's duty of care under both New York and California law.

third parties adequately to prevent negligent conduct within the terminal building. In addition, requiring Delta to undertake protective measures such as those suggested by plaintiff would offer little if any real public benefit, and yet would impose upon the airline burdensome and costly obligations. The difficulty of adopting a practical means of prevention and the questionable social utility of plaintiff's suggested safety measures convince the Court that under these circumstances it would be impractical and unreasonable to impose upon Delta the duty to protect the plaintiff from the acts of unidentified third parties after she had exited the plane and entered the terminal building.

### III. *Plaintiff's Motion to Compel Discovery*

The plaintiff cross-moves for an order compelling the defendant to disclose information relating to other accidents that have occurred at or near Delta's baggage carousel at LaGuardia Airport, as well as any accidents occurring at similar baggage retrieval facilities controlled or operated by defendant at other airports. The Court's decision granting summary judgment in favor of defendant renders moot any request for discovery, and therefore the plaintiff's cross-motion is denied.

### CONCLUSION

For the reasons set forth above, the defendant's motion for summary judgment dismissing the complaint in its entirety hereby is GRANTED, and the plaintiff's cross-motion for an order compelling discovery hereby is DENIED.

SO ORDERED.