Sylvia BRANCHE, Plaintiff,

v.

**NORTHWEST AIRLINES, INC. and Detroit Metropolitan Wayne County Airport, Defendants.**

No. CIV.A. 97–40232.

United States District Court,
E.D. Michigan,
Southern Division.

Nov. 13, 1997.

Ben Whitfield, Jr., Yuvonne R. Bradley, Ben Whitfield, Jr., Assoc., Detroit, MI, for Plaintiff.

David R. Baxter, Paskin, Nagi, Detroit, MI, Jennifer M. Granholm, Herman G. Perzold, III, Wayne County Corp. Counsel, Detroit, MI, for Defendant.

*MEMORANDUM OPINION AND ORDER GRANTING MOTION FOR SUMMARY JUDGMENT FILED BY DEFENDANT, NORTHWEST AIRLINES, INC.*

GADOLA, District Judge.

Before the court is a motion for summary judgment filed by defendant, Northwest Airlines, Inc. ("Northwest"), on August 15, 1997. For the reasons set forth below, this court will grant Northwest's motion for summary judgment.

**Factual Background**

At the October 22, 1997 hearing on the instant motion, the parties agreed on the record that the following facts are undisputed.

Plaintiff, Sylvia Branche, a sixty-eight year-old passenger on a Northwest flight, was injured retrieving her luggage from a baggage claim carousel at Detroit Metropolitan Wayne County Airport ("Metro Airport"). Plaintiff lifted her luggage from the carousel and took a step backward in the same motion. Plaintiff tripped over another piece of luggage that she did not see behind her, and sustained injuries to her back and head. On May 16, 1997, plaintiff filed a complaint in Wayne County Circuit Court against Northwest and Metro Airport alleging negligence in the operation and maintenance of the baggage claim area.[1] Defendants removed the case to this court on the basis of diversity jurisdiction on June 19,

---

1. On September 3, 1997, this court entered an order dismissing plaintiff's claims against Metro Airport.

1997. On August 15, 1997, Northwest filed the instant motion for summary judgment.

## Discussion

### 1. Standard for summary judgment.

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Summary judgment is appropriate where the moving party demonstrates that there is no genuine issue of material fact as to the existence of an essential element of the non-moving party's case on which the non-moving party would bear the burden of proof at trial. *Martin v. Ohio Turnpike Commission,* 968 F.2d 606, 608 (6th Cir.1992); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). In considering a motion for summary judgment, the court must view the facts and draw all reasonable inferences therefrom in a light most favorable to the non-moving party. *60 Ivy Street Corporation v. Alexander,* 822 F.2d 1432, 1435 (6th Cir.1987). The court is not required or permitted, however, to judge the evidence or make findings of fact. *Id.* at 1435–36. The moving party has the burden of showing conclusively that no genuine issue of material fact exists. *Id.* at 1435.

A fact is "material" for purposes of summary judgment where proof of that fact would have the effect of establishing or refuting an essential element of the cause of action or a defense advanced by the parties. *Kendall v. Hoover Co.,* 751 F.2d 171, 174 (6th Cir.1984). In other words, the disputed fact must be one which might affect outcome of the suit under the substantive law controlling the issue. *Henson v. National Aeronautics and Space Administration,* 14 F.3d 1143, 1148 (6th Cir.1994). A dispute over a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id.* Accordingly, where a reasonable jury could not find that the non-moving party is entitled to a verdict, there is no genuine issue for trial and summary judgment is appropriate. *Feliciano v.*

*City of Cleveland,* 988 F.2d 649 (6th Cir. 1993).

Once the moving party carries its initial burden of demonstrating that no genuine issues of material fact are in dispute, the burden shifts to the non-moving party to present specific facts to prove that there is a genuine issue for trial. To create a genuine issue of material fact, the non-moving party must present more than just some evidence of a disputed issue. As the United States Supreme Court stated in *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249–50, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986):

> There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. If the [non-moving party's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted.

(Citations omitted); *see also Celotex,* 477 U.S. at 322–23, 106 S.Ct. at 2552–53; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586–87, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986). Consequently, the non-moving party must do more than raise some doubt as to the existence of a fact; the non-moving party must produce evidence that would be sufficient to require submission of the issue to the jury. *Lucas v. Leaseway Multi Transp. Serv., Inc.,* 738 F.Supp. 214, 217 (E.D.Mich.1990), *aff'd,* 929 F.2d 701 (6th Cir.1991).

### 2. Northwest's argument

Northwest argues primarily that the danger imposed by luggage in the baggage claim area of an airport is open and obvious. In *Riddle v. McLouth Steel Prod. Corp.,* 440 Mich. 85, 485 N.W.2d 676 (1992), the Michigan Supreme Court reaffirmed the rule that an owner or occupier of land has no duty to warn an invitee of an open and obvious danger unless the risk imposed by the danger is still unreasonable despite its obviousness. *Id.* at 96, 485 N.W.2d 676.

Defendant cites *Novotney v. Burger King Corp.,* 198 Mich.App. 470, 499 N.W.2d 379 (1993), in which the Michigan Court of Appeals upheld the grant of a summary judgment to defendants on a claim involving an

inclined handicap-access ramp. The court noted:

> [T]he analysis of whether a danger is open and obvious does not revolve around whether steps could have been taken to make the danger more open and obvious. The question is: Would an average user of ordinary intelligence have been able to discover the danger and the risk presented *upon casual inspection?* That is, is it reasonable to expect that the invitee would discover the danger?

*Id.* at 474, 499 N.W.2d 379 (emphasis added). The court went on to note that to survive a motion for summary judgment in such a case, a plaintiff must "come forth with sufficient evidence to create a genuine issue of material fact that an ordinary user upon casual inspection could not have discovered the existence of [the danger]." *Id.* at 474–75, 499 N.W.2d 379.

Northwest also relies on *Bertrand v. Alan Ford, Inc.,* 449 Mich. 606, 537 N.W.2d 185 (1995), in which the Michigan Supreme Court disposed of the consolidated appeals of two cases involving steps. The court noted that a duty to warn would only be imposed on the owner and occupier of land to the extent that there is "something unusual about the steps, because of their 'character, location or surrounding conditions'...." *Id.* at 617, 537 N.W.2d 185 (quoting *Garret v. W.S. Butterfield Theatres,* 261 Mich. 262, 263–64, 246 N.W. 57 (1933)). Northwest argues that plaintiff has come forth with no evidence that any such unusual conditions existed in this case. Plaintiff does not allege that the lighting of the baggage claim area was poor, or that the placement of the carousels was improper. Plaintiff comes forth with no evidence that the piece of luggage over which she tripped could not have been discovered by casual inspection. As a result, defendant contends that it owed plaintiff no duty to warn against the danger imposed by luggage in the baggage claim area because the plaintiff "might reasonably be expected to discover them." *Riddle,* 440 Mich. at 96, 485 N.W.2d 676.

### 3. Plaintiff's response

Plaintiff also relies on *Bertrand,* along with *Singerman v. Municipal Serv. Bureau,* 455 Mich. 135, 565 N.W.2d 383 (1997), for the proposition that the finding of "unusual conditions" will support liability even in cases of open and obvious dangers. Plaintiff then makes the bald assertion that there are unusual aspects to the hazard in the present case. However, plaintiff does not give any indication of what those unusual aspects are. Moreover, the complaint does not allege any particular facts that exist in this case that are not present in baggage claim areas in every other airport every day.

Plaintiff also asserts that because the luggage over which she tripped was behind her, it could not have been open and obvious. This argument, however, misses the point of *Bertrand* and *Novotney.* The question is not whether plaintiff discovered the danger. Rather, the question for the court is whether a reasonable person under the circumstances could have discovered the danger upon casual inspection. In *Bertrand,* a case plaintiff herself relies on quite heavily, the court held:

> [T]he rule ... is that if the particular activity or condition creates a risk of harm only because the invitee does not discover the condition or realize its danger, then the open and obvious doctrine will cut off liability if the invitee should have discovered the condition and realized its danger.

*Bertrand,* 449 Mich. at 611, 537 N.W.2d 185. *Novotney* is also instructive on this point. In that case, plaintiff testified that the ramp over which she tripped was "not very noticeable." However, the court upheld a grant of summary judgment in favor of defendant because "[t]he question ... is not how noticeable the ramp was to plaintiff, but whether it was noticeable to the ordinary user upon casual inspection." *Novotney,* 198 Mich.App. at 475, 499 N.W.2d 379. Plaintiff has come forth with no evidence to suggest that the luggage in this case could not have been discovered upon casual inspection.

Plaintiff next contends that the danger in this case did not come from a "constant, unchanging hazard." Plaintiff attempts to use this fact to distinguish this case from the Michigan cases where courts have held no duty exists because the dangers were open and obvious. *See Novotney,* 198 Mich.App. 470, 499 N.W.2d 379 (handicapped access ramp); *Glittenberg v. Doughboy Recreation-*

*al Indus.*, 441 Mich. 379, 491 N.W.2d 208 (1992) (depth of a swimming pool); *see also Bertrand,* 449 Mich. 606, 537 N.W.2d 185 (steps). Curiously, plaintiff also cites *Singerman* in this context. The Michigan Supreme Court in *Singerman* upheld the grant of a summary judgment, holding that the danger of flying hockey pucks was open and obvious to an experienced hockey player who was present at an ice rink during a hockey scrimmage. Bags in the baggage claim area of an airport are no less obvious than flying pucks in a hockey arena. What is more, flying pucks are no more "constant" or "unchanging" than the luggage in this case.

Plaintiff next turns to authority from other circuits where liability has been imposed on airlines or their agents in similar circumstances. The first case upon which plaintiff relies is *Stagl v. Delta Airlines, Inc.*, 52 F.3d 463 (2d Cir.1995). In *Stagl,* plaintiff was injured when another passenger carelessly swung his luggage away from a luggage carousel, hitting another suitcase which fell into the plaintiff and caused her to fall and break her hip. The Second Circuit found that the case posed a submissible jury question. However, the court relied on specific allegations from the plaintiff that conditions were much busier than normal at the time of the accident. In fact, the plaintiff described it as "bedlam." The court explicitly distinguished that case from a line of New York cases holding summary judgment proper in cases where normal conditions obtained. *See id.* at 471–72. Here, plaintiff makes no showing that conditions were in any way abnormal at the time of the accident. In addition, the Second Circuit found probative an affidavit submitted by an engineer on behalf of the plaintiff which highlighted very specific ways the airline could have made its baggage claim area safer. In this case, plaintiff's only showing consists of statements in her brief that Northwest could have hired additional sky caps, or posted a warning in the baggage claim area. However, a similar claim was rejected as insufficient in *Gross v. American Airlines, Inc.*, 755 F.Supp. 89 (S.D.N.Y.1991). In Gross, the court rejected an assertion that the defendant could have placed more attendants on duty. The plaintiff did not support the statement with evidence of how many attendants were on duty, and did not show how the staffing was unreasonable. Likewise, plaintiff provides no such showing here, and as a result, this court finds that this case does not pose a jury question.

Plaintiff also relies heavily on *Garrett v. American Airlines, Inc.*, 332 F.2d 939 (5th Cir.1964). While the Fifth Circuit did reverse a finding of summary judgment in favor of defendant in a case involving the tripping of a passenger over a piece of luggage, the court did not address the question of openness and obviousness in the context of duty at all. Rather, the court held that "the nuances of the Texas 'no duty' ... doctrine[] are too subtle to resolve at this stage." *Id.* at 943. Such is not the case in Michigan, as courts have clearly been willing to find summary judgment proper in cases involving open and obvious dangers.

The court in *Gross* noted that it would be "unreasonable, indeed silly, to impose a duty on [airlines] to post signs warning passengers to watch out for the very obvious placement of luggage by the feet of other passengers nearby in the check-in line." *Id.* at 90. The danger complained of here is equally obvious. Travelers encounter bags strewn all around baggage claim areas on every trip to the airport. Plaintiff has made no showing that the piece of luggage in this case could not have been discovered upon casual inspection. As a result, this court finds that the danger in this case was open and obvious as a matter of law, entitling Northwest to summary judgment in this case.

Accordingly, this court having reviewed the submissions of the parties, and being fully advised in the premises,

**IT IS HEREBY ORDERED** that the motion for summary judgment filed by defendant, Northwest Airlines, Inc., on August 15, 1997, is **GRANTED.**

**IT IS FURTHER ORDERED** that the claims contained in the May 16, 1997 complaint filed by plaintiff, Sylvia Branche, against defendant, Northwest Airlines, Inc., are **DISMISSED** with prejudice.

**SO ORDERED.**