**Aarons v Port Auth. of N.Y. & N.J.**

2024 NY Slip Op 33554(U)

October 7, 2024

Supreme Court, New York County

Docket Number: Index No. 160456/2019

Judge: Paul A. Goetz

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

| | | | |
|---|---|---|---|
| **PRESENT:** | HON. PAUL A. GOETZ | **PART** | **47** |

*Justice*

-------------------------------------------------------------------------------X

DAVID AARONS,

Plaintiff,

- v -

THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY, AMERICAN AIRLINES, INC.

Defendant.

-------------------------------------------------------------------------------X

| **INDEX NO.** | 160456/2019 |
|---|---|
| **MOTION DATE** | 03/12/2024 |
| **MOTION SEQ. NO.** | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67

were read on this motion to/for _____ DISMISS _____.

In this action involving luggage that fell onto plaintiff while he was on an escalator at John F. Kennedy International Airport (JFK), defendants The Port Authority of New York and New Jersey (Port Authority) and American Airlines Inc. (American Airlines) move pursuant to CPLR § 3212 for summary judgment dismissing plaintiff's complaint.

## BACKGROUND

Port Authority operates JFK, a part of which is leased to American Airlines (NYSCEF Doc No 52). Plaintiff began working as a manager at Mar Air Foods, a food provider located in the American Airlines terminal, in 2008 (NYSCEF Doc No 47, 10:7-11:8). On November 1, 2018, around 2.5 hours into his shift, plaintiff took an escalator within the American Airlines terminal to reach a lower level (*id.*, 36:21-39:13). When he was part-way down to the next floor, he heard a loud noise behind him; he turned around and saw a woman at the top of the escalator "and there was her luggage flying at [plaintiff]" (*id.*, 39:14-41:5). Plaintiff reflexively grabbed

**160456/2019   AARONS, DAVID vs. PORT AUTHORITY OF NEW**
**Motion No.  001**

**Page 1 of 6**

onto the left-side railing and attempted to jump over the luggage but he "didn't stay up long enough . . . and it took [his] right leg out and pulled [him] forward," causing plaintiff to fall "around [] 15 steps" (*id.*, 41:10-42:19). Plaintiff fell on his back and bottom, and sustained injuries to his right ankle (*id.*, 42:20-43:16, 46:15-17).

At the time of this incident, there were no American Airlines employees stationed nearby, however, there was a warning sign at the top of the escalator reading: "NO LUGGAGE / please use elevator" (NYSCEF Doc No 51). This sign, and copies of it, were placed at the top of all the terminal's escalators by American Airlines employees (NYSCEF Doc No 49, 23:20-16) since the opening of the terminal in 2005 (NYSCEF Doc No 62, 21:23-5). American Airlines director of customer care Robert Nygard testified that there was not necessarily a rule against carrying luggage on the escalator, but that it is "safe common practice to use the elevator if you're carrying luggage" (NYSCEF Doc No 63, 22:6-19).

Port Authority senior property representative Kenneth Goldsman, American Airlines regulatory compliance coordinator Frances Butts-Jeffery, and Nygard testified that they were unaware of any complaints that may have prompted the placement of the warning signs, or of any other issues with falling luggage (NYCEF Doc Nos 48, 40:6-17; 49, 30:19-31:4; 63, 23:2-24:6). However, there were two incident reports pre-dating plaintiff's accident in which a passenger was struck from behind by luggage that fell down the escalator (NYSCEF Doc No 62 [incidents dated June 17, 2017 and July 30, 2018]) and plaintiff testified that he had seen luggage tumble down the escalator "close to half a dozen times[] in the ten years" of his employment (NYSCEF Doc No 47, 51: 13-25). Additionally, plaintiff's expert witness James Pugh stated that during his inspection of the premises, he "observed many passengers using the escalators accompanied by luggage" (NYSCEF Doc No 64 ¶ 4).

**160456/2019   AARONS, DAVID vs. PORT AUTHORITY OF NEW**   **Page 2 of 6**
**Motion No.  001**

[* 2]                                            2 of 6

## DISCUSSION

"It is well settled that 'the proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact.'" (*Pullman v Silverman*, 28 NY3d 1060, 1062 [2016], quoting *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). "Failure to make such showing requires denial of the motion, regardless of the sufficiency of the opposing papers." (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985] [internal citations omitted]). "Once such a prima facie showing has been made, the burden shifts to the party opposing the motion to produce evidentiary proof in admissible form sufficient to raise material issues of fact which require a trial of the action." (*Cabrera v Rodriguez*, 72 AD3d 553, 553-554 [1st Dept 2010], citing *Alvarez*, 68 NY2d at 342). "The court's function on a motion for summary judgment is merely to determine if any triable issues exist, not to determine the merits of any such issues or to assess credibility." (*Meridian Mgmt. Corp. v Cristi Cleaning Serv. Corp.*, 70 AD3d 508, 510-511 [1st Dept 2010] [internal citations omitted]). If there is any doubt as to the existence of a triable fact, the motion for summary judgment must be denied (*Rotuba Extruders v Ceppos*, 46 NY2d 223, 231 [1978]).

Defendants argue that plaintiff's negligence claim should be dismissed because they did not have a duty to supervise and prevent other passengers within the terminal from bringing luggage onto the escalator, and they cannot be held liable for the acts of a third party (NYSCEF Doc No 41). Plaintiff argues that defendants, as owners/operators and lessees, have a duty of care to those on their premises; they had constructive notice that passengers were not following the advisory against carrying luggage on escalators; and they failed to take additional measures to ensure compliance with that advisory (NYSCEF Doc No 56). Specifically, plaintiff asserts that

**160456/2019   AARONS, DAVID vs. PORT AUTHORITY OF NEW**
**Motion No.  001**

**Page 3 of 6**

3 of 6

"[t]here should have been a live person to enforce a no baggage rule" (*id.*). Defendants respond that this proposal is unrealistic and unduly burdensome, as there are 10 escalators in this terminal which runs 24 hours a day and strictly mandating that all passengers with luggage use the elevator would cause crowding and delays (NYSCEF Doc No 65).

"Landowners in general have a duty to act in a reasonable manner to prevent harm to those on their property" (*D'Amico v Christie*, 71 NY2d 76, 85 [1987]). This includes "a duty to control the conduct of third persons on their premises when they have the opportunity to control such persons and are reasonably aware of the need for such control" (*id.*). However, "it is unreasonable to impose that duty where the realities of every day experience show us that, regardless of the measures taken, there is little expectation that the one made responsible could prevent the negligent conduct" (*Pulka v Edelman*, 40 NY2d 781, 785 [1976]). A landowner "is not liable for every thoughtless or careless act by which one [person] may injury another[, nor] is liability invariably to fall on it because a [] rule has been violated and an injury has been caused" (*Lawes v Board of Education*, 16 NY2d 302, 306 [1965]).

Here, "[t]here is no question that [defendants], as [] owner [and] occupier of the premises, owed a duty to take reasonable steps in maintaining the safety of its [escalators] . . . and take reasonable care against the foreseeable, injurious actions of third parties on airline premises" (*Stagl v Delta Airlines*, 52 F3d 463, 467-68 [2nd Cir 1995]). However, plaintiff failed to demonstrate that defendants "acted unreasonably in [their] monitoring and controlling procedures" (*Gross v American Airlines, Inc.*, 755 F Supp 89, 90-91 [SDNY 1991] [finding it "unreasonable [] to impose a duty on American to post signs warning passengers to watch out for [poor] placement of luggage by [] other passengers nearby"]). American Airlines posted warning signs at the entrance of every escalator in its terminal; it would be impractical and unduly

**160456/2019   AARONS, DAVID vs. PORT AUTHORITY OF NEW**                          **Page 4 of 6**
**Motion No.  001**

4 of 6

burdensome to instead have employees stationed at each of these locations to enforce its policy against carrying luggage while on the escalators (*id.* ["it would be impractical, if not impossible, for American to devise a means of preventing an individual from stumbling, whether over a bag or otherwise, in this constantly in-flux situation"]; *Lawes*, 16 NY2d at 305-06 [it would be "an undue burden [] to impose a liability because [an employee] did not stand [nearby] for active intervention in the circumstances shown by [the] record"]). Moreover, "plaintiff failed to raise a triable issue of fact as to whether he had relied on that policy," as plaintiff testified that he had seen luggage tumble down the escalators several times throughout his employment (*Safa v Bay Ridge Auto*, 84 AD3d 1344, 1346 [2nd Dept 2011] [finding auto shop not liable for accident caused by a customer while driving his own vehicle out of the garage in violation of the auto shop's policy]; *Boehme v A.P.P.L.E.*, 298 AD2d 540, 541 [2nd Dept 2002] ["there is no basis for the proposition that a party may be liable for failing to follow a policy which it has adopted voluntarily, and without legal obligation, especially when there is no showing of detrimental reliance by the plaintiff on the defendant following that policy"]).

Accordingly, defendants' motion for summary judgment will be granted and Port Authority's argument that it was an out-of-possession landlord need not and will not be addressed.

## CONCLUSION

Based on the foregoing, it is

ORDERED that defendants' motion is granted and plaintiff's complaint is dismissed; and it is further

ORDERED that the clerk is directed to enter judgment in favor of defendants with costs

**160456/2019    AARONS, DAVID vs. PORT AUTHORITY OF NEW**                                    **Page 5 of 6**
**Motion No.  001**

[* 5]                                              5 of 6

and disbursements as taxed by the clerk.

20241007145700PG0ETZ15C8C36ACB5244539B6DFA312584E88AD

| 10/7/2024 | | | | PAUL A. GOETZ, J.S.C. | |
|---|---|---|---|---|---|
| **DATE** | | | | | |

| CHECK ONE: | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

160456/2019   AARONS, DAVID vs. PORT AUTHORITY OF NEW
Motion No.  001

Page 6 of 6

6 of 6