Steven M. SuttonExecutive Director Kansas Board of Emergency Medical Services 900 SW Jackson, Suite 1031 Topeka, KS 66612
Dear Mr. Sutton:
On behalf of the Kansas Board of Emergency Medical Services (KSBEMS), you request our opinion as to whether Federal Aviation Administration statutes and regulations preempt KSBEMS' regulations pertaining to the operation of air ambulances[1] in Kansas. Your question relates to the Supremacy Clause of the United States Constitution, which grants Congress the power to preempt state law.[2]
There are three situations in which federal preemption may occur: (1) "express preemption," whereby the language of a federal statute clearly expresses congressional *Page 2 
intent to preempt state law; (2) "field preemption," whereby Congress has clearly intended, by legislating comprehensively, to occupy an entire field of regulation; and (3) "conflict preemption," which occurs when a state law conflicts with federal law.[3] If the KSBEMS regulations conflict with federal law, or if Congress expressly or clearly intended to preempt state regulations related to air ambulances, then the federal regulations are controlling.
Federal law
Two federal laws are relevant to our analysis: the Federal Aviation Act (FAA), [4] and the Airline Deregulation Act of 1978 (ADA).[5] The FAA was enacted to centralize aviation safety regulation through a "comprehensive regulatory scheme."[6] Regulations promulgated pursuant to the FAA include pilot training standards, aircraft inspection standards, and required briefings for aircraft passengers.
Courts have held that Congress intended the FAA to uniformly and exclusively occupy the field of aviation safety; thus, state regulations governing aviation safety are subject to field preemption.[7] While "aviation safety" is not defined in the FAA, the FAA directs the Administrator of the Federal Aviation Administration to promulgate rules and regulations for the "safe flight of civil aircraft in air commerce."[8] Notably, the FAA does not regulate the types of medical equipment that may be carried on an air ambulance, and does not set standards for medical personnel who attend to patients on an air ambulance.[9] Based upon the absence of FAA regulations specific to medical services provided by air ambulances, we conclude that the Federal Aviation Administration does not consider emergency medical equipment and personnel to fall within the field of aviation safety.
The ADA was enacted to deregulate the interstate airline industry and encourage "efficiency, innovation and low prices" through competitive market forces.[10] The ADA expressly preempts certain state laws: "a State . . . may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price,route, or service of an air carrier that may provide air transportation."[11]
Air ambulances are considered "air carriers" for the purposes of the ADA, [12] which means that state laws related to the price, route or service of air ambulances are expressly preempted. The ADA does not define "service of an air carrier," but courts *Page 3 
have held that the ADA was intended to preempt only those state regulations governing aspects of air carrier service that are "distinctively incident to the provision of airline service to the public," such the ticketing, boarding and emergency evacuation procedures of a commercial airline.[13] Furthermore, courts have held that some state regulations may affect the price, route or service of an air carrier in "too tenuous, remote or peripheral a manner" to fall within the preemption provision of the ADA.[14] For example, courts have held that neither workers' compensation claims against an airline, [15] nor negligence claims against a pilot, [16] are preempted by the ADA because such claims are too remote to trigger preemption.
While no court has examined the issue of whether medical care provided onboard an air ambulance is a "service" for the purposes of the ADA, we do not believe that medical care provided onboard air ambulances is "distinctively incident" to the provision of airline service to the public. Rather, KSBEMS' air ambulance regulations are generally incident to the protection of public health and safety, the regulation of which is a power traditionally reserved to the states.[17] As such, we opine that state regulations governing the medical equipment and medical staffing of air ambulances are too remote to be preempted by the ADA.
Kansas law
Under Kansas law, it is unlawful to operate an ambulance service without a permit issued by the KSBEMS.[18] A permit is not issued unless the KSBEMS finds that the ambulance service is or will be staffed and equipped in accordance with rules and regulations promulgated by the KSBEMS.[19] The KSBEMS regulations pertaining to air ambulances include:
 • Each ambulance shall have the ambulance license prominently displayed in the patient compartment.[20]
 • Smoking shall be prohibited in the patient and driver compartments at all times.[21]
 • Each air ambulance must staff the ambulance with a driver or pilot and at least two medically trained persons, one of whom shall be a physician or a licensed professional nurse.[22]
 • Each air ambulance operator shall ensure that the aircraft's flight controls, throttles, and radios are physically protected from any intended or *Page 4 
accidental interference by the patient, air medical personnel, or equipment and supplies.[23]
 • Each air ambulance operator shall ensure that the aircraft is climate controlled for the comfort of both the patient and air medical personnel.[24]
 • Each air ambulance operator shall ensure the aircraft has an adequate interior lighting system so that patient care can be provided and the patient's status monitored without interfering with the pilot's vision.[25]
While your question does not involve a specific regulation, we note that KSBEMS air ambulance regulations generally seek to protect fragile patients, and to ensure that the ambulance is equipped to provide necessary medical treatment in flight. At no time does the KSBEMS regulate the type of training an air ambulance pilot must complete, or the price or routes of an air ambulance.
Analysis
Courts have held that the FAA is a comprehensive regulatory scheme that demonstrates the intent for federal law to occupy the field of aviation safety. Thus, any state law that would purport to regulate aviation safety would be impliedly preempted. The KSBEMS statutes and regulations do not, by their terms, purport to regulate the safe flight of air ambulances. Rather, KSBEMS regulations set minimum standards for medical equipment and personnel that must be onboard an air ambulance in order to protect the unique needs of an injured patient. In our opinion, KSBEMS regulations that relate to medical care are neither within the field of air safety preempted by the FAA, nor within the scope of "price, route or service" regulation expressly preempted by the ADA.
Sincerely,
Derek Schmidt
Attorney General
Sarah Fertig
Assistant Attorney General
DS:AA:SF:ke
[1] K.S.A. 2010 Supp. 65-6112(d) defines ambulance as "any privately or publicly owned motor vehicle, airplane or helicopter designed, constructed, prepared, staffed and equipped for use in transporting and providing emergency care for individuals who are ill or injured."
[2] U.S. Const., Art. 6, cl. 2.
[3] US Airways, Inc. v. O'Donnell,627 F.3d 1318, 1324 (10th Cir. 2010).
[4] 49 U.S.C. § 40101 et seq.
[5]
Pub.L. No. 95-504, 92 Stat. 1705
(codified in various sections of 49 U.S.C.A.).
[6] 627 F.3d at 1326.
[7] See, e.g., 627 F.3d at 1327; City of Burbank v. LockheedAir Terminal Inc., 411 U.S. 624 (1973); Abdullah v. Am. Airlines,Inc., 181 F.3d 363 (3d Cir. 1999).
[8] 49 U.S.C. § 44701(a).
[9] 49 U.S.C. § 40101 et seq.
[10] Morales v. Trans World Airlines, Inc.,504 U.S. 374 (1992).
[11] 49 U.S.C.A. § 41713(b). Emphasis added.
[12] Med-Trans Corp. v. Benton,581 F.Supp.2d 721 (E.D.N.C. 2008).
[13] See, e.g., Butcher v. City of Houston,813 F.Supp. 515 (S.D. Texas 1993).
[14] 504 U.S. at 390; Anderson v. American Airlines, Inc.,2 F.3d 590 (5th Cir. 1993).
[15] Id.
[16] In re Air Disaster, 819 F.Supp. 1352 (E.D.Mich. 1993).
[17] U.S. Const., Amend. 10.
[18] K.S.A. 65-6125.
[19] K.S.A. 65-6128.
[20] K.A.R. 109-2-4(c).
[21] K.A.R. 109-2-5(c).
[22] K.A.R. 109-2-7(c).
[23] K.A.R. 109-2-13(d).
[24] K.A.R. 109-2-13(g).
[25] K.A.R. 109-2-13(j).